KENNETH MCNARY *v.* STATE OF INDIANA.

[No. 2-373A57. Filed June 28, 1973.]

*Herbert W. Johnson, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

SHARP, J.—At the outset of this case two affidavits were filed under separate cause numbers against the Appellant. One affidavit charged Appellant with the offenses of armed robbery, physical injury while in the commission of robbery and violation of the 1935 Firearms Act by carrying a pistol without a license. In the second affidavit Appellant was charged with the commission of a felony while armed to-wit: robbery and also charged with violation of the 1935 Firearms Act.

Appellant entered pleas of guilty to both charges of violating the 1935 Firearms Act. The Appellant was then sentenced to imprisonment for a determinate period of ten (10) years on each violation of the 1935 Firearms Act, the terms to run concurrently. All other charges against the Appellant were then dismissed on motion of the State of Indiana. After such pleas of guilty and dismissals the Appellant filed in each case a Petition for Election of Treatment Subsequent to Prosecution which purports to be under authority of IC 1971, 16-13-7.5-18, Ind. Ann. Stat., § 9-3918 (Burns 1972 Supp.). After hearing, said petition were denied and such is the sole contention of error here.

The relevant statutes for the determination of this case are:

"9-3916. IC 16-13-7.5-16. Drug abusers charged with or convicted of crime—Election of treatment in lieu of prosecution or parole—Exceptions—Conditions.—A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two [2] or more convictions of a crime of violence, (d) other criminal proceedings alleging commission of a felony are pending against the drug abuser, or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the drug abuser elected and was ad-

mitted to a treatment program on two [2] prior occasions within any consecutive two [2] year period. An eligible drug abuser may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth. [IC 1971, 16-13-17-16 (16-13-7.5-16 as amended), as added by Acts 1971, P. L. 222, § 1, p. 882; 1972, P. L. 11, § 7, p. 146.]

\* \* \*

"9-3918. IC 16-13-7.5-18. Election of treatment after conviction—Procedure—Probation.—If a court has reason to believe that an individual convicted of a crime is a drug abuser or *the individual states that he is a drug abuser* and the court finds that he is eligible to make the election provided for under Section 16 (§ 9-3916), the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. In offering an individual an election, the court shall advise him that (a) if he elects to submit to treatment and is accepted he may be placed on probation and under the supervision of the department for a period not to exceed the maximum sentence that could be imposed for his conviction or three [3] years, whichever is less; (b) during probation he may be confined to an institution or, at the discretion of the department, he may be released for treatment or supervised aftercare in the community; and (c) if he adheres to the treatment program and fulfills the other conditions of probation, he will be discharged, but any failure to adhere to the treatment program is a breach of probation under the treatment supervision of the department and probation supervision of the proper probation authorities regardless of the election of the individual.

*If the individual elects to undergo treatment* or is certified for treatment, *the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment.* The department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation

and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment.

Failure of an individual placed on probation and under the medical supervision of the department to observe the requirements set down by the department shall be considered a probation violation. Such failure shall be reported by the department to the probation officer in charge of the individual and treated in accordance with probation regulations. [IC 1971, 16-13-17-18 (16-13-7.5-18 as amended), as added by Acts 1971, P. L. 222, § 1, p. 882; 1972 P. L. 11, § 7, p. 146.]" (Emphasis added.)

At the hearing on these petitions Appellant presented evidence of his two convictions of the 1935 Firearms Acts, recited, *supra*, that he had not been *convicted* of crimes of violence that the crimes here were not that of selling a narcotic or dangerous drug, that Appellant did not have a criminal record or history of two or more convictions of crimes of violence, that no other criminal proceedings alleging the commission of a felony were pending against the Appellant, that he was not on probation or parole, that he had never before elected to take treatment under § 9-3918 or any other drug abuse program in the past, that Appellant was a drug abuser in that his drug habit amounted to $70.00 to $80.00 per day and had been using heroin for two or three years. At said hearing the State of Indiana offered no evidence and engaged in no cross-examination.

The Appellant's Petition and evidence brought him squarely within the mandatory provisions of § 9-3918 relating to the requirement submission to the Department of Mental Health for examination. The Appellant is correct that said petition and the evidence in support of it required the trial court to forward Appellant to the Department of Mental Health, Drug Abuse Division, for the examination specified in § 9-3918. Our mandate in this case is strictly limited to providing this

described examination. This is in no sense a pre-judgment of the discretionary options which are available to the Department of Mental Health and the trial court under the statutes which are a part of said examination and its aftermath. In his brief Appellant asserts correctly that the Department of Mental Health is not required to accept Appellant for treatment. In this regard the Appellant's Brief states:

> "Appellant does not contend by this appeal that, after examination, the Department of Mental Health, Drug Abuse Division, is required to accept him for treatment. Appellant is fully aware that the Department of Mental Health may find (a) that he is not a drug abuser; (b) that he is a drug abuser, but is not likely to be rehabilitated through treatment; or, (c) may reject him for any other reason which the Department of Mental Health may have."

Our decision here is in accord with the express legislative purpose as expressed in the preliminaries of this statute, IC 1971 16-13-17.5-1, Ind. Ann. Stat. § 9-3901 (Burns 1972 Supp.), which states, in part:

> "It is the judgment of the General Assembly of the State of Indiana that a concentrated effort must be exerted to curtail or greatly reduce the incidence of drug misuse and to effectively treat and rehabilitate those who are physically or mentally dependent upon drugs.
>
> \* \* \*
>
> ". . . The only hope for an effective attack against drugs is the complete coordination of activities among all state, local governmental agencies and private agencies which have some responsibility for dealing with some aspect of the drug problem."

In enacting this statute, the General Assembly in 1971 had fully in mind the high percentage rate of drug-related crimes in Indiana. The clear legislative intent was to reduce drug-related crimes by treating the drug abusers who rely on the fruits of crime to support their drug habit. Our limited and narrow mandate here is in accord with such legislative purpose.

The decision of the trial court in denying said petitions for

election of treatment under § 9-3918 is hereby reversed and this case is remanded to the trial court with instructions to order Appellant forwarded to the Department of Mental Health, Drug Abuse Division, for the examination specified in § 9-3918.

Reversed and remanded.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 297 N.E.2d 853.