RIAN LEE THURMAN v. STATE OF INDIANA:.

[No. 2-674A139. Filed December 26, 1974. Rehearing denied
March 4, 1975.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *John H. Meyers*, Deputy Attorney General, for appellee.

SULLIVAN, P.J.—This appeal is taken from denial of a "Petition Under the Provisions of P.C. [Post-Conviction Rule] 1(a)(6) For Election of Treatment [as a drug abuser] Subsequent to Prosecution Pursuant to Burns' 9-3918".

Appellant Thurman had been convicted upon two counts of drug possession. He was sentenced December 4, 1972 and commenced serving his concurrent sentences immediately. Direct appeal from his convictions was taken. We affirmed the

judgment in an opinion entered in 162 Ind. App. 267, 319 N.E. 2d 151 on November 27, 1974.

Pending determination of his direct appeal and more than six months subsequent to commencement of his sentence, Thurman on September 26, 1973, filed a Petition for Election to be Treated as a Drug Abuser. This initial petition was amended October 18, 1973 so as to attempt to utilize Indiana Rules of Procedure, Post-Conviction Rule 1(a)(6) as a vehicle for obtaining relief from his executed sentence in the form of drug abuse treatment under then existing Ind. Ann. Stat. § 16-13-7.5-18 (Burns Code Ed. 1973), formerly Burns Ind. Ann. Stat. § 9-3918. The section was repealed by Acts 1974, P.L. 59 but was reenacted in identical form as § 16-13-6.1-18. The pertinent provisions of this section read as follows:

"If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under § 16 [16-13-7.5-16], the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. . . .

If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment. Within a reasonable time after receiving an order to conduct an examination, the department shall report to the court the result of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the

department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment."

Thurman appeals the denial of his amended petition, alleging as error the court's failure to order the Department of Mental Health examination.

The portion of the Post-Conviction Rule, pursuant to which Thurman petitioned the trial court, P.C. 1(a)(6), provides that relief may be granted if the "conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy." It is clear from the recorded chronology of events, from Thurman's argument upon this appeal, and from his P.C. petition itself, that he does not assert that the conviction or sentence is erroneous; nor does he assert that any error was committed by the trial court prior to imposition of sentence which would require that sentence to be set aside. Rather, he seeks a belated exercise of the trial court's function with respect to ordering an examination in conjunction with the discretionary sentencing alternative provided by § 16-13-6.1-18. The validity of his appellate position is thus dependent not upon whether the sentence imposed was itself erroneous, or whether fatal error infected the sentence, but rather upon whether he may compel a § 16-13-6.1-18 examination while serving an executed sentence or in the alternative obtain suspension of the sentence after six months from its imposition.

The section of the Act with which we are here concerned deals with rehabilitative treatment *after conviction* and is wholly couched in terms of such treatment as a rehabilitative process taking place during *probation*. One may not be simultaneously on probation and serving an executed sentence. Before one may be placed on probation, his sentence must be suspended. *See, State ex rel. Gash v. Morgan County Superior Court* (1972), 258 Ind. 485,

283 N.E.2d 349. We therefore conclude that the treatment contemplated by § 16-13-6.1-18 may take place only if execution of a sentence otherwise free from error, be suspended and the applicant for treatment be placed on probation. *Compare, People* v. *Victor* (1965), 42 Cal. Rptr. 199, 398 P.2d 391.

The statutory provision for examination by the Department of Mental Health, as a necessary prelude to a court order of treatment, is quite obviously intended to be a pre-sentencing examination. We do not, however, necessarily read into that provision an absolute prohibition against a post-sentence examination so long as the court retains authority to suspend or set aside the unexecuted portion of the sentence and to order treatment in the event that the examination report should recommend such. As heretofore noted, the sentence here is not asserted to be infected with error. No basis for setting it aside was therefore presented to the trial court. The relief sought by Thurman may thus obtain only if that sentence may be suspended.

As our Supreme Court noted in *State ex rel. Gash* v. *Morgan County Superior Court, supra,* 283 N.E.2d at 350:

> "In Indiana, the suspension of sentences . . . is governed exclusively by statute."

The governing statute with which we are concerned is IC 35-7-1-1, Ind. Ann. Stat. § 9-2209 (Burns 1974 Supp.). It permits suspension of a sentence which has been executed in part, only if such suspension is ordered within six months after defendant has commenced serving it. *See, State ex rel. Steers* v. *Lake Criminal Court* (1953), 232 Ind. 443, 112 N.E.2d 445 (construing the statutory predecessor of the six month limitation).

In view of the expiration here of the six month period limiting the authority of a trial court to suspend a sentence, an order by the trial court requiring examination of Thurman by the Department of Mental Health would have been a useless gesture. Regardless of the results of such examination and the

findings and recommendation of the department, the court would have been powerless to exercise the discretion afforded it under § 16-13-6.1-18 and to suspend the sentence and place Thurman on probation under the care of the Mental Health Department for treatment.

Thurman concedes that he is not entitled to the statutory drug abuse treatment as a matter of right, for he acknowledges that the Department of Mental Health is not obligated to accept him for treatment merely because he may demonstrate eligibility for such treatment. Neither may it be argued that the trial court is obligated to order such treatment even in the event that the report of the department following examination recommends such treatment. Thurman, however, citing *McNary* v. *State* (1973), 156 Ind. App. 582, 297 N.E.2d 853, argues that the statute compels a trial court to "order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated" and that the failure of the trial court to do so here was error. In the *McNary* case, decided by the Third District of this Court, a petition for election for treatment as a drug abuser was, as here, filed after imposition of sentence, and the Third District mandated the trial court to order a § 16-13-6.1-18 examination. A distinction exists, however, between the facts in *McNary*, *supra*, and those which are before us. In *McNary*, the petition for election for drug abuse treatment was filed the day immediately following imposition of sentence and well within the six month period permitted by § 35-7-1-1, *supra*. This distinction renders it unnecessary that we adopt or reject the *McNary* holding with respect to a defendant obtaining relief after imposition of sentence and before such sentence is vacated or suspended. Thus, in *McNary*, even though the decision of the Third District did not address the question, the trial court there had the authority to utilize the results of the department examination and within the six month limitation suspend further execution of its sentence in order to afford the treatment contemplated under § 16-13-6.1-18.

Our affirmance of the denial of Thurman's petition is limited by the issues as argued. It concerns only the application of § 16-13-6.1-18 more than six months after imposition of sentence and where no error has been asserted which would require the setting aside of the sentence. We do not speculate concerning possible application of other provisions of the Act to persons incarcerated nor do we hold that treatment for drug abuse is inconsistent with or precluded by such incarceration.

The judgment is affirmed.

Buchanan, J., concurs; White, J., dissents with opinion.

### DISSENTING OPINION

WHITE, J.—Although appellant's brief is written as if this were an appeal from the criminal judgment sentencing Thurman to a term of imprisonment, it is obvious that the appeal is from a judgment denying his petition for post-conviction relief.[1]

The petition was denied by so-called specific findings of fact and conclusions of law, the gist of which is that (1) petitioner failed to prove by a preponderance of the evidence that he was entitled to the relief prayed for, (2) he failed to bring himself within the purview of Ind. Ann. Stat. § 16-

---

1. The caption on the Record and in the appellant's brief incorrectly identifies the appellant as "Defendant Below", instead of "Petitioner" or "Movant" (see Post-Conviction Remedy Rule 1, §§ 1(c), 2, 3, 4(b), 4(c), etc., which call the relief seeker a "petitioner" and the form at the end of Rule 1 which captions him as "Movant" and the State of Indiana as "Respondent") and the State as "Plaintiff" instead of "Respondent". Appellant's brief, under the heading "Statement of the Case" sets out *verbatim* the charging affidavit and the judgment sentencing appellant to prison. This is an apparent attempt to comply with Appellate Rule 8.3(A)(4) which requires an appellant's brief to contain:

"(4) A statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and the disposition in the court below, including a verbatim statement of the judgment."

Since the "disposition" appellant asks us to reverse is the judgment denying his post-conviction petition, that is the judgment which should have been quoted. Fortunately the State's answer brief has supplied the omission by quoting the proper judgment *verbatim*.

13-7.5-18 (Burns Code Ed., 1973, now § 16-13-6.1-18, Burns 1974 Supp.), (3) the court was without jurisdiction to grant the relief prayed for.

These findings and conclusions are so general that they fail to serve the purpose of the rule (PC. 1, § 6) which requires specific findings of fact and conclusions of law. That purpose " 'is to have the record show the basis of the trial court's decision so that on review the appellate court may more readily understand the former's view of the controversy.' " *Love* v. *State* (1971), 257 Ind. 57, 59, 272 N.E.2d 456, 458. Herein, we can only *guess* that the trial judge concluded that he was without jurisdiction because he thought his power to grant relief was controlled by Ind. Ann. Stat. § 9-2209 (Burns 1974 Supp.) which permits suspension of a sentence only within six months of the time a defendant has commenced to serve it. If so, he was led to that conclusion by the parties: Petitioner's attorney denied that he was attacking the conviction or the sentence and the State argued that treatment under the drug abuse act requires that the sentence be suspended and that the defendant be put on probation. The petitioner, the State, and the court were all misled by the opinion in *McNary* v. *State* (1973), 156 Ind. App. 582, 297 N.E.2d 853, which I believe misconstrued what was then § 9-3918, later became § 16-13-7.5-18, and is now § 16-13-6.1-18 of Ind. Ann. Stat. (Burns Code Ed., 1974 Supp.).

I believe that Justice Crebs in *People* v. *Robinson* (Ill. App. 1973), 297 N.E.2d 621, properly construed an identical section of the Illinois Drug Abuse Act. His opinion (at 623) notes that this section applies "to one already convicted of a crime (by a plea or otherwise) *but not yet sentenced"* (my emphasis), but in *McNary, supra,* it was held that a defendant's "Petition for Election of Treatment Subsequent to Prosecution" which was filed *after* sentence was imposed should have been granted. The reason, said *McNary,* was that the "Petition and evidence brought defendant squarely within the mandatory provisons of § 9-3918 relating to the requirement [sic] sub-

mission to the Department of Mental Health for examination." (297 N.E.2d at 855.) (*McNary*, a direct criminal appeal, reversed the court's decision denying the petition for examination but said nothing about reversing, or setting aside, the sentence. It remanded the cause "with instructions to order Appellant forwarded to the Department of Mental Health, Drug Abuse Division, for the examination specified in § 9-3918.")

I believe the *McNary* court was in error in several other respects. First, I do not believe that § 9-3918 (§ 16-13-7.5-18, Burns Code Ed.) *requires* a trial court to order an examination merely because a defendant asks for it and presents evidence which (in the words of the *McNary* opinion) brings "him squarely within the mandatory provisions of § 9-3918" (297 N.E.2d at 855).

The mandatory provisions of the section begin in the second paragraph of the section which opens with the words: "If the individual elects to undergo treatment . . . the court shall order an examination by the department . . . .", but the first paragraph has already made it plain (at least, to me) that the individual (i.e., a defendant convicted of a crime) has the privilege of electing to undergo treatment *only if the court first offers him that option.* The entire section reads as follows (with my emphasis added) :

> "16-13-7.5-18 [9-3918]. Election of treatment after conviction—Procedure—Probation.—If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under section 16 [16-13-7.5-16], *the court may advise him* that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. *In offering an individual an election,* the court shall advise him that (a) if he elects to submit to treatment and is accepted he may be placed on probation and under the supervision of the department for a period not to exceed the maximum sentence that could be imposed for his conviction or three [3] years, whichever is less; (b) during probation he may be confined in an institution or, at the

discretion of the department, he may be released for treatment or supervised aftercare in the community; and (c) if he adheres to the treatment program and fulfills the other conditions of probation, he will be discharged, but any failure to adhere to the treatment program is a breach of probation. The court may certify an individual for treatment while on probation under the treatment supervision of the department and probation supervision of the proper probation authorities regardless of the election of the individual.

"If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment. Within a reasonable time after receiving an order to conduct an examination, the department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment.

"Failure of an individual placed on probation and under the medical supervision of the department to observe the requirements set down by the department shall be considered a probation violation. Such failure shall be reported by the department to the probation officer in charge of the individual and treated in accordance with probation regulations. [IC 1971, 16-13-17-18 (16-13-7.5-18 as amended), as added by Acts 1971, P.L. 222, § 1, p. 882; 1972, P.L. 11, § 7, p. 146; 1973, P.L. 157, § 8, p. 817.]"

The Illinois Appellate Court opinion in *People* v. *Robinson*, *supra*, was handed down only three weeks before *McNary* was handed down by our Third District. It construes the identical Illinois section as follows (my emphasis added):

"This section provides in substance that if the court has reason to believe an individual is an addict, or if the individual states he is an addict (and provided in all instances, that the individual is eligible for treatment under the qualifications stated in Sec. 120.8), *the court in its discretion may offer him an opportunity to choose treatment* in lieu of an immediate imposition of sentence. However, the court must first advise him of the consequences, i.e., a) that he will be placed on probation and under the supervision of the Department for a period not exceeding the maximum sentence that could be imposed for the crime for which he was convicted or 5 years, whichever is less; b) that during that probation period he might be confined in an institution or, at the discretion of the Department, released to the community for supervised aftercare treatment; c) that if he adheres to the program and the conditions of his probation he will be discharged, but that any failure to adhere to the program shall constitute a breach of probation and such breach shall then be treated in accordance with the probation regulations. *If, at this point the individual elects to undergo treatment the court must order an examination* by the department of Mental Health to determine if he is an addict and likely to be rehabilitated through treatment. Thereafter, acting upon the report and the recommendations of the Department, if the court determines that the individual is an addict and likely to be rehabilitated it may place him on probation under the supervision of the probation authorities and under treatment by the Department. If the court determines that the individual is not an addict or is an addict not likely to be rehabilitated through treatment it must proceed to pronounce sentence as in other cases." (297 N.E.2d at 623.)

In that case the trial court judge had declined to offer an election to a convicted defendant because he believed the defendant was not a proper subject for probation. He therefore "proceed[ed] to pronounce sentence as in other cases." In reversing that sentence, the Appellate Court said further (again, with my emphasis added) :

"Examining this procedure closely *it appears eminently clear that the granting of treatment,* in lieu of imprisonment for the particular crime committed, *is at the discretion of the court* and not an option to be chosen solely by the defendant. Nor must defendant first show himself qualified for probation as contended by the State. The probation

mentioned is merely descriptive of the status of the individual when and if he is accepted for treatment.

"Accordingly, *the issue* here *is not whether defendant elected to undergo rehabilitative treatment as an addict, but rather whether the court abused its discretion in not inquiring further into defendant's addictive state so that it might be understandingly determined whether he actually was an addict and a likely subject for rehabilitation.* From the facts before us there can be no question that in the language of the Act the court should have 'had reason to believe defendant was an addict'. The probation report referred to him as a known narcotic addict, and specifically stated that the burglaries he committed constituted his means for obtaining money to supply his habit. It recommended that defendant should be confined where he might be put on a withdrawal basis and be cured of his drug habit. In reply to a specific question from the court defendant admitted stealing to buy drugs and the court was informed that he had been accepted for treatment in the NACO Program of the Narcotics Service Counsel.

"Under these circumstances it is our conclusion that the trial court abused its discretion in failing to implement the provisions of the Act. . . .

"The judgment of the Circuit Court of St. Clair County is reversed insofar as it decrees the sentence as entered, and the cause is remanded, not for a new trial on the issue of guilt, but for such further proceedings under the Drug Abuse Act as are necessary, to enable the court to exercise the discretion vested in it in conformity with this opinion." (297 N.E.2d at 624.)

I would adopt that interpretation as our interpretation of the section of the Indiana Drug Abuse Act here involved. I would hold that:

1. An individual who has been convicted of a crime and is otherwise eligible for treatment as a drug abuser can elect to undergo treatment

a. only before he has been sentenced, and
b. only if the court offers him the opportunity to elect.

2. An individual, who has been *convicted and sentenced* without having been offered, between conviction and sentence, the opportunity to elect treatment, can thereafter obtain that

opportunity only if he can show that the trial court's failure to make the offer was such an abuse of discretion that it rendered the sentence voidable, i.e., subject to being set aside for the purpose of enabling the trial court to correct his error by properly exercising his discretion to offer, or not to offer, treatment.

    a. The application to set aside the sentence can be made by a timely motion to correct errors and a timely direct appeal, if the motion is overruled. (The rationale of *Robinson* is, of course, that an *abuse of discretion* in failing to offer the election is reversible error.)

    b. If not so made, and if the error has not been waived, the application may be made by belated motion to correct errors (PC. 2) or by a PC. 1 petition for post-conviction relief.

I would overrule *McNary* insofar as it conflicts with the views herein expressed.

What may constitute an abuse of discretion in failing to offer an election to an individual need not be decided here because neither the petition nor the evidence in this case was directed toward claiming such an abuse. Neither was there any request that the sentence be set aside, so as to put the petitioner back into the status of an individual who had been convicted but not yet sentenced, hence eligible for consideration as to whether he should be offered the opportunity to elect treatment. Petitioner's failure to proceed on that theory obviously results from his reliance on the rationale of *McNary* which I would repudiate. Therefore, I would reverse with directions to the trial court to permit petitioner to amend his petition (within whatever reasonable time the court might fix) to bring it within the purview of the *Robinson* rationale, *if the facts of his case reasonably tend to support such a rationale.* Absent such an amendment, or upon petitioner's failure to prove an abuse of discretion, the court should enter judgment (upon appropriate findings and conclusions) denying relief to petitioner.

NOTE.—Reported at 320 N.E.2d 795.