## JAMES GLENN v. STATE OF INDIANA.

[No. 2-474A102. Filed January 30, 1975. Rehearing denied March 4, 1975. Transfer denied June 2, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Eugene C. Hollander*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

STATON, P.J.—James Glenn had been convicted of violating the 1935 Narcotics Act—possession of heroin. He was sentenced to not less than five (5) nor more than twenty (20) years on January 28, 1972. Later, September 28, 1973, he filed his petition for post-conviction relief so that he could elect to receive treatment as a drug abuser under the Indiana Drug Act, IC 1971, 16-13-7.5-16 and 16-13-7.5-18 (Burns Code Ed.) [1]

The trial court denied Glenn's petition and his appeal raises these issues for our review:

Issue One: Did the trial court have reason to believe that Glenn was a "drug abuser" before he was sentenced?

Issue Two: Did the trial court abuse its discretion when it failed to inquire into Glenn's eligibility

---

1. The Indiana Drug Act cited here was repealed by the 1974 Legislature. *See* Acts 1974, P.L. 59, § 5. The current Act may be found in IC 1971, 16-13-6.1-1 through 16-13-6.1-34 (Burns Code Ed. 1974 Supp.).

and status as a "drug abuser" under the Indiana Drug Act?

Issue Three: Did the trial court commit reversible error when it denied Glenn's petition for post-conviction relief?

We conclude that there was sufficient evidence to create a reasonable belief before sentencing that Glenn was eligible and a "drug abuser." The trial court's failure to make inquiries into Glenn's eligibility and status as a "drug abuser" was an abuse of discretion. We reverse.

## I.

### A Reason to Believe

"If a court has reason to believe that an individual convicted of a crime is a drug abuser, . . . the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. . . ." IC 1971, 16-13-7.5-18 (Burns Code Ed.).

Before Glenn was sentenced, his pre-sentence investigation report clearly indicated that he was eligible to elect treatment.[2] The report further revealed that Glenn had a long history of drug abuse. It revealed a previous conviction for violation of the 1935 Narcotics Act. Glenn was being sentenced for being in possession of heroin. These facts, which were before the court at the time of sentencing, strongly suggest that Glenn might be a drug abuser. Further inquiry should have been made by the trial court to establish Glenn's eligibility and his status as a drug abuser.[3] Whenever a reason to believe exists, the trial court has a duty to make further inquiry in an attempt to establish with certainty whether a convicted defendant is eligible and a drug abuser. If the court can establish with a reasonable

---

2. The conditions for eligibility are set forth in IC 1971, 16-13-7.5-16 (Burns Code Ed.).

3. A drug abuser is defined under the Act as follows:
"(f) The term "drug abuser" means any person who has developed a psychological or physical dependence on the effects of narcotics or dangerous drugs, or harmful substances, or who abuses the use of narcotics, dangerous drugs, or harmful substances so that the person or society is harmed; . . ." IC 1971, 16-13-7.5-2(f) (Burns Code Ed.).

degree of certainty that the convicted defendant is an eligible drug abuser, it must explain the election and offer it to the defendant. The purpose of the Indiana Drug Act mandates this procedure.[4]

When a "reason to believe" cannot be reduced to a reasonable certainty by further inquiries, "the court may advise" the individual convicted of a crime ". . . that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. . . ." IC 1971, 16-13-7.5-18, *supra*. Any other statutory construction is at war with the express purpose of the Act. *People* v. *Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621. Any other interpretation would be a semantic absurdity. It would permit the trial court to frustrate the express purpose of the Indiana legislature.

Once the election is made by the convicted defendant, the trial court shall order his examination by the department. *McNary* v. *State* (1973), 156 Ind. App. 582, 297 N.E.2d 853. The trial court exercises its dispositional discretion after it receives the department's report. The statute, IC 1971, 16-13-7.5-18, *supra, provides:*

". . . If the court, acting on the report and other information coming to its attention, determines that the individual

---

4. The purpose of the Indiana Drug Act is stated at IC 1971, 16-13-7.5-1 (Burns Code Ed.) as follows:

"It is the judgment of the general assembly of the state of Indiana that a concentrated effort must be exerted to curtail or greatly reduce the incidence of drug misuse and to effectively treat and rehabilitate those who are physically or mentally dependent upon drugs.

"It is also the judgment of the general assembly that in order to efficiently and successfully direct preventive, educational, treatment, and rehabilitative drug programs, it is necessary to establish an administrative unit concerned solely with the creation and administration of such programs.

"It is the further belief that such an administrative entity should have the primary responsibility for directing all drug, narcotic drug, dangerous drug and harmful substances programs as they concern treatment within the state of Indiana, either through its own direct implementation or by compliance of other agencies of state government with its stated wishes. The only hope for an effective attack against drugs is the complete coordination of activities among all state, local governmental agencies and private agencies which have some responsibility for dealing with some aspect of the drug problem."

is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment."

We conclude that an inquiry by the trial court into the convicted defendant's eligibility and status as a drug abuser is mandatory when the trial court has reason to believe that an election could be offered. The evidence strongly suggests here that the trial court should have entertained a reason to believe that Glenn was both eligible and a drug abuser. The pre-sentence investigation report indicated one previous drug related offense and a twelve (12) year history of drug abuse. Glenn stood convicted of violating the 1935 Narcotics Act—possession of heroin.

The Indiana Drug Act, when applicable, is an extension of the scope of pre-sentencing procedures which already provide for inquiry into matters relevant to the question of sentence and for a physical and mental examination. IC 1971, 35-4.1-4-10; Ind. Ann. Stat. § 9-2252 (Burns 1974 Supp.) ; IC 1971, 35-4.1-4-11; Ind. Ann. Stat. § 9-2252(a) (Burns 1974 Supp.). Such pre-sentencing inquiries or reports are mandatory under Indiana law and cannot be ignored by the trial court. IC 1971, 35-4.1-4-9; Ind. Ann. Stat. § 9-2251 (Burns 1974 Supp.).

When information comes to the trial court's attention before sentencing which clearly indicates that other reasonable inquiry should be made in order to comply with the intent and purpose of the pre-sentencing statutes, any failure to make further reasonable inquiry is an abuse of discretion. A sentence which is rendered without following the statutory pre-sentencing procedures and their

obvious purposes is an erroneous sentence subject to correction on proper petition.

This opinion is limited in its application to those factual instances when the information before the trial court at the time of sentencing clearly gives rise to a reason to believe that the convicted defendant is an eligible drug abuser, and no reasonable inquiry is made by the trial court to reduce the "reason to believe" to a reasonable certainty. When a "reason to believe" remains after reasonable inquiry, any advisement of or offer to the convicted defendant is discretionary with the trial court.

## II.

### Post-Conviction Relief

Glenn was not advised that he was eligible for treatment as a drug abuser under the Indiana Drug Act. His trial defense attorney testified that he thought Glenn had previously been convicted of selling a narcotic drug.[5] Glenn had never, in fact, been convicted of selling narcotics. An inquiry into his pre-sentencing investigation report would have established Glenn's eligibility. Glenn's trial defense attorney further testified that the pre-sentencing investigation report did reflect Glenn's long history of drug abuse.

Glenn denied that he had ever told his defense attorney that he had been convicted of selling narcotics. He further testified that he told his attorney that he had a drug problem and needed help.

Howard T. Tyler, Glenn's parole officer while he had been serving a sentence on his first conviction for violating the 1935 Narcotics Act, testified that:

5. IC 1971, 16-13-7.5-16 (Burns Code Ed.) sets forth the conditions for eligibility. Subsection (b) provides that the drug abuser charged with or convicted of a crime is eligible unless ". . . the crime is that of selling a narcotice or dangerous drug. . . ." The trial attorney's testimony indicates that he interprets subsection (b) as meaning a prior conviction of selling a narcotic and not the crime of which the drug abuser is convicted at the time of election. This interpretation is not only erroneous, but contrary to the purpose of the Indiana Drug Act. If a defendant had previously sold narcotics and is now an abuser, he may well come

"In my opinion, Mr. Glenn's problems with the law have been directly related to drugs."[6]

The above evidence reflects a reason to believe that Glenn was an eligible drug abuser.

## III.

### Two Thresholds

Two thresholds of discretion are presented by the statute IC 1971, 16-13-7.5-18, *supra*. The first threshold of discretion emanates from the pre-sentencing information available to the trial court. If this pre-sentencing information gives rise to a reasonable belief that the convicted defendant is an eligible drug abuser, the trial court must make reasonable inquiries in an attempt to establish with reasonable certainty whether the alternative treatment sentence can be offered to the convicted defendant. If the trial court's inquiries can not reduce its reasonable belief to a reasonable certainty that the convicted defendant is an eligible drug abuser, it may in its discretion, offer the treatment sentence to the convicted defendant or sentence him as in other cases. On the other hand, if the trial court's inquiries have reduced to a reasonable certainty that the convicted de-

---

within the purpose of the Act. Subsection (b) expressly excludes those defendants who have been guilty of selling narcotics or pushers. Glenn was charged with violating the 1935 Narcotics Act—possession of heroin.

6.   Letter of Parole Officer Tyler filed with the court:

"This letter is being written at the request of James Michael Glenn, DOB: 4/17/40. Specifically, Mr. Glenn is now incarcerated at the Indiana Reformatory under Registration Number DOC-2041-R. It is my understanding Mr. Glenn is now serving his second sentence on the charge of Violation of the 1935 Narcotics Act. Mr. Glenn requested my recommendation as his former parole officer for him to be considered for treatment under Public Law 222 (Department of Mental Health).

"I would now like to recommend that Mr. Glenn be considered for drug treatment under the Department of Mental Health. I make this recommendation specifically because I have known Mr. Glenn since October of 1967 when I began employment with the Department of Correction, Division of Parole as a Senior Parole Officer. I supervised Mr. Glenn off and on from October, 1967 until he was returned to the Indiana Reformatory as a parole violator on or about 6/2/71. Mr. Glenn was on parole at least two times within the time period as listed above. It is my professional belief that Mr. Glenn's problems in violating the law all stem from the abuse of drugs. Further, in my opinion, if Mr. Glenn can successfully combat his drug habit, he would have a chance to live a productive, useful life."

fendant is an eligible drug abuser under the Indiana Drug Act, it must withhold any further discretionary action until it is fully informed medically as to whether the convicted defendant is actually a drug abuser under the Act and can be treated and accepted for treatment.

The second threshold of discretion is reached by the trial court's offer of treatment to the convicted defendant. The offer is based upon the pre-sentencing information and the trial court's inquiries which have reduced to reasonable certainty that the convicted defendant is an eligible drug abuser. Acceptance of the offer by the convicted defendant requires that he be examined and that a medical report be made to the trial court. Based upon the medical report and the acceptance of the convicted defendant for treatment by the Indiana Department of Mental Health, the trial court must conclude as a matter of law whether the convicted defendant is a drug abuser as defined under the Indiana Drug Act.[7] If the trial court concludes that he is a drug abuser, it must exercise its discretion and further determine whether the convicted defendant can be rehabilitated through treatment and sentenced as provided by statute. If in the trial court's discretion, the convicted defendant can not be rehabilitated through treatment and sentenced as provided by the statute, it ". . . shall proceed to pronounce sentence as in other cases."

There was a reason to believe that Glenn was an eligible drug abuser under the Indiana Drug Act. The trial court's failure to make any further reasonable inquiry is an abuse of discretion. An additional sentencing procedure may be available to Glenn which the Indiana legislature desires to be considered by the trial court. The additional sentencing procedure can not be considered unless Glenn is both eligible and a drug abuser. Information is readily available to the trial court upon proper inquiry as

---

7. The trial court is limited to its reasonable certainty determination that the convicted defendant is a drug abuser as defined under the act until it receives the medical report from the Department of Mental Health. After examining the medical report, the trial court can then determine whether the convicted defendant medically qualifies as a drug abuser under the Act.

to eligibility. Glenn's drug abuser status, under the statutory definition of a drug abuser, can only be determined by the trial court after it receives the medical report from the Department of Mental Health. Furthermore, the trial court can not determine without inquiry whether the Department of Mental Health will accept the convicted defendant for treatment. This is discretionary with the Department.

The trial court's judgment denying post-conviction relief is reversed with instruction to make such inquiry as may be reasonably necessary to exercise its sentencing discretion under the Indiana Drug Act.

Garrard, J. concurs with opinion; Hoffman, J. dissents with opinion.

### CONCURRING OPINION

GARRARD, J.—Glenn's presentence investigation report disclosed that he had been a drug user for approximately twelve years; that he had once submitted to treatment; and that he had then remained off drugs until subsequently sentenced to the reformatory. While at the reformatory he had recommenced use. This information gave the court reason to believe Glenn was a drug abuser and invoked the provisions of IC 1971, 16-13-6.1 (Burns Code Ed.)

Examination of that statute, however, clearly reveals that it was intended as a discretionary sentencing alternative available for certain qualified defendants.

Concern has been voiced over certain language contained in IC 1971, 16-13-6.1-17 and 18. These sections provide that where a court is advised the accused is a drug abuser, and the court finds the accused is eligible for the program, then "the court *may* advise him" that he may be placed on probation if he elects to submit to treatment. I believe the intent of this language is simply that the accused be advised that, even if he is willing to elect treatment, he may be placed in the program and he may not.[1] Even if he elects treatment, the department may reject him or the court may determine

---

1. He must also be advised of the consequences.

that he is not a drug abuser or is not likely to be rehabilitated. In either such event, sentence is to be imposed. However, the legislative purpose, as clearly disclosed in the preamble of the act, is to make the program available to eligible defendants in recognition of the relationship between their abuse of drugs and their commission of criminal offenses. Whether the program itself may yet be deemed successful or unsuccessful is not before us.

I therefore conclude that the statute is invoked when, prior to the imposition of sentence, the trial court has reason to believe the defendant is a drug abuser, either because the defendant says so or because of other information formally brought to the court's attention. It must follow that it becomes an abuse of discretion for the court then to totally ignore the statute by making no further inquiry. To hold otherwise rejects the strongly announced legislative purpose of this act. See, *People* v. *Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621; *People* v. *Ortiz* (1964), 61 Cal. 2d 249, 37 Cal. Rptr. 891, 391 P.2d 163; Judge White's dissent in *Thurman* v. *State* (1974), 162 Ind. App. 576, 320 N.E.2d 795.

In *McNary* v. *State* (1973), 156 Ind. App. 582, 297 N.E. 2d 853, this court concluded that when the trial court has reason to believe or is advised by the defendant that he is a drug abuser, and it is shown that the defendant is eligible for the program and wishes to elect treatment, it is error to fail to send him to the department for examination. The opinion indicates that the eligibility of the accused to make an election and his desire to elect were demonstrated after sentence had been imposed. However, it is unclear whether the court, before imposing sentence, had reason to believe the defendant was a drug abuser.

Since my reading of IC 1971, 16-13-6.1-18 limits its applicability to those instances where the court is advised or has reason to believe the defendant is a drug abuser before sentence is imposed, I believe *McNary* should be limited to those circumstances. However, in Glenn's case, the court abused its discretion when it totally ignored the statute after the

presentence investigation report disclosed substantial reason to believe that Glenn was a drug abuser.

The case must therefore be remanded for consideration of the application of the alternative provided by IC 1971, 16-13-6.1.

DISSENTING OPINION

HOFFMAN, J.—I dissent from the result reached in the majority and concurring opinions.

The judgment of the trial court should be affirmed.

Facts similar to those appearing in this case were present in the case of *Thurman* v. *State of Indiana* (1974), 162 Ind. App. 576, 320 N.E.2d 795, which was decided by the majority opinion of the Second District of this court. Such opinion should be controlling here.

Further, the statute here in question contemplates that the defendant be placed on probation so that he may receive treatment as a drug abuser. The pre-sentence investigation report to the trial court in this record discloses that on a previous conviction for violation of the 1935 Narcotics Act appellant-Glenn was sentenced "to 2-10 years to [the] Indiana State Reformatory" and was returned there three times for parole violations. The report further shows that the probation department "feels that the defendant [Glenn] would not be a suitable subject for probation." Thus, the appellant is not a proper subject for probation and we should not require the trial court or the Department of Mental Health to do the useless acts required by the majority opinion herein.