PAUL M. REAS AND DENNIS L. WHEELER *v.* STATE OF INDIANA.

[No. 1-274A28.  Filed February 27, 1975.]

*Michael J. McDaniel,* of New Albany, for appellants.

*Theodore L. Sendak,* Attorney General, *Gary M. Crist,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendants-appellants Paul Reas and Dennis Wheeler were tried by jury and found guilty of second degree burglary. Following conviction, Reas petitioned to elect treatment as a drug abuser, which was denied by the trial court. IC 1971, 16-13-7.5-16 and 16-13-7.5-18 (Burns Code Ed.).[1] Thereafter, appellants were sentenced to terms of imprisonment of not less than two nor more than five years.

This appeal presents the following issues for review:

1. Whether the verdict is supported by sufficient evidence.
2. Whether the trial court erred in its denial of Reas' petition to elect treatment as a drug abuser.[2]

At about 5:00 A.M. on the morning of January 25, 1973, the operator of a security alarm service in New Albany, one Ronald Rice, received an alarm from the local Veterans of Foreign Wars Post. Rice notified police and proceeded to the Post where he apprehended both appellants inside the building. Police arrived at the scene, removed Reas and Wheeler to the Police Station, and summoned the club manager to the scene for inspection and inventory. The inspection revealed that entry was gained by forcing two metal doors and that about thirteen dollars ($13.00) in cash was missing.

## I.

The material elements of second degree burglary are: (1) breaking (2) and entering (3) into a building or structure

1. These provisions of the Indiana Drug Act were repealed and re-enacted by the 1974 legislature. The current provisions are found at IC 1971, 16-13-6.1-16 and 16-13-6.1-18 (Burns Code Ed.).
2. The argument in appellants' brief addressed to the alleged error in overruling the petition is predicated on the assumption that it was jointly filed. However, the petition was signed and sworn by Reas, requesting relief in an individual capacity. No reference, information or request for relief with respect to Wheeler is contained therein.

other than a dwelling house or place of human habitation (4) with the intent to commit a felony therein. *Phillips* v. *State* (1974), 162 Ind. App. 431, 319 N.E. 2d 863, *Apple* v. *State* (1973), 158 Ind. App. 663, 304 N.E.2d 321, IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).

Appellants argue that the ingestion of narcotic drugs immediately prior to the illegal act rendered them incapable of forming the requisite specific intent.

As our Supreme Court stated in *Stout* v. *State* (1974), 262 Ind. 538, 319 N.E.2d 123:

> "While voluntary intoxication is not a defense in a criminal proceeding, it is, nevertheless, well recognized that the absence of a specific intent, regardless of the cause of such mental state, is a defense to any crime requiring such an intent. To this extent, mental incapacity, although occasioned by the voluntary ingestion of alcohol or drugs, is a defense. The existence of this mental condition or incapacity, however, is a question of fact to be determined by the trier thereof—in this case, the trial judge. Preston v. State (1972), [259] Ind. [343], 287 N.E.2d 347; Daniels v. State (1971), 257 Ind. 376, 274 N.E.2d 702; New v. State (1970), 254 Ind. 307, 259 N.E.2d 696."

Considering only that evidence and the reasonable inferences therefrom most favorable to the State, we find substantial evidence of probative value from which the jury could have found that appellants possessed sufficient mental capacity to have formed the requisite specific intent at the time of the illegal act.

After being taken to the police station, appellant Wheeler executed a waiver of rights form and signed a written statement. This statement, which was admitted into evidence at trial, stated that appellants were together on the evening of January 24, 1973, at the home of one Daniel Hughes, located directly behind the V.F.W. Post. The statement continued that about 2:00 A.M. Wheeler drove to Louisville and returned with some "dope", which was thereafter consumed by Wheeler. Wheeler was then told he needed more money for drugs, and

it was suggested by another that he and Reas carry out their earlier plan to enter the V.F.W. Post. Finally, Wheeler stated that he and Reas procured crow-bars, entered the Post, and were there apprehended.

At trial, there was conflicting testimony as to the presence of drugs at the Hughes' residence, and as to appellants' consumption of drugs. However, State's witnesses Booth and O'Neil, members of the New Albany Police Department testified, respectively, that Reas was "cool and calm" while being transported to police headquarters, and that Wheeler looked the same at trial as he did shortly after arrest. Defense witness Hughes testified that to his knowledge there were no narcotic drugs in his residence on January 24, 1973, and that neither Reas nor Wheeler injected any substance into their arms that night.

## II.

In an effort to encourage effective treatment and rehabilitation of persons physically or mentally dependent on drugs, the General Assembly enacted the provision found at IC 1971, 16-13-7.5-18, *supra,* according to certain eligible drug abusers convicted of a crime an election to submit to treatment with the Department of Mental Health. That provision reads, in pertinent part:

> "If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under § 16 [16-13-7.5-16], the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department.

> \* \* \*

> If the individual elects to undergo treatment or is certified for treatment, the court shall order an examination by the department to determine whether he is a drug abuser and is likely to be rehabilitated through treatment. Within a reasonable time after receiving an order to conduct an examination, the department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment.

If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser, or is a drug abuser not likely to be rehabilitated through treatment, the court shall proceed to pronounce sentence as in other cases. If the court determines that the individual is a drug abuser and is likely to be rehabilitated through treatment, the court may place him on probation and under the supervision of the department for treatment and of the proper probation authorities for probation supervision and may require such progress reports on the individual from the probation officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment."

By its terms, the statute becomes operative when either (1) the court has reason to believe that a convicted individual is a drug abuser or (2) the individual states that he is a drug abuser. However, the duties evolving upon the trial court and the procedures to be followed once the statute is operative are not clear. This problem was considered at length in the recent decision *Glenn* v. *State* (1975), 163 Ind. App. 119, 322 N.E.2d 106. Therein Judge Staton formulated the following general guidelines:

"Whenever a reason to believe [that an individual convicted of a crime is a drug abuser] exists, the trial court has a duty to make further inquiry in an attempt to establish with certainty whether a convicted defendant is eligible and a drug abuser. If the court can establish with a reasonable degree of certainty that the convicted defendant is an eligible drug abuser, it must explain the election and offer it to the defendant. The purpose of the Indiana Drug Act mandates this procedure.

When a 'reason to believe' cannot be reduced to a reasonable certainty by further inquiries, 'the court may advise' the individual convicted of a crime '. . . that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department. . . .' IC 1971, 16-13-7.5-18, *supra*. Any other statutory construction is at war with the express purpose of the Act. *People* v. *Robinson* (1973), 12 Ill. App. 3d 291, 297 N.E.2d 621. Any other interpretation would be a semantic absurdity. It would permit the trial court to frustrate the express purpose of the Indiana legislature.

Once the election is made by the convicted defendant, the trial court shall order his examination by the department. *McNary* v. *State* (1973), 156 Ind. App. 582, 297 N.E.2d 853. The trial court exercises its dispositional discretion after it receives the department's report. . . .

\* \* \*

We conclude that an inquiry by the trial court into the convicted defendant's eligibility and status as a drug abuser is mandatory when the trial court has reason to believe that an election could be offered."

In that case, Glenn was convicted of possession of heroin. His pre-sentence investigation report indicated his eligibility to elect treatment and revealed a twelve-year history of drug abuse, including a prior conviction of possession of heroin. Judge Staton determined that in light of this information, the trial judge should have entertained a reason to believe that Glenn was both eligible and a drug abuser. The failure of the trial judge to make further inquiry to establish Glenn's eligibility and status as a drug abuser was found to constitute an abuse of discretion.

The definition of the term drug abuser and the conditions of eligibility are found at IC 1971, 16-13-7.5-2(f), (Burns Code Ed.) and IC 1971, 16-13-7.5-16, *supra*:

"The term 'drug abuser' means any person who has developed a psychological or physical dependence on the effects of narcotics or dangerous drugs, or harmful substances or who abuses the use of narcotics, dangerous drugs, or harmful substances so that the person or society is harmed; . . ."

"A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the department instead of prosecution or probation, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two [2] or more prior convictions of a crime of violence, (d) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the drug abuser, or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the drug abuser elected and was admitted to a treatment program on two [2] prior occasions within any consecutive two [2] year period. An eligible drug abuser may not be

admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth."

In his verified petition to elect treatment Reas swore upon his oath: (1) that the crime of which he was convicted was not a crime of violence, (2) that he had never been convicted of two or more crimes of violence, (3) that no other criminal proceedings alleging the commission of a felony were pending against him, (4) that he was not on parole or probation, (5) that he had never before sought admission to the treatment program and (6) that he was a heroin addict at the time of his arrest and had expended thirty to forty dollars per day on his habit during a period exceeding six months.

The petition constitutes a statement by Reas that he is a drug abuser, thereby invoking the terms of IC 1971, 16-13-7.5-18, *supra*. At that point the duty evolved upon the trial judge to make further inquiry in an attempt to determine whether Reas' eligibility and status as a drug abuser could be established with reasonable certainty. *Glenn* v. *State, supra*. However, the record fails to reveal any such inquiry. Following Reas' petition and the State's written answer are merely order book entries denying the petition and sentencing appellants.

The State contends that Reas was as a matter of law ineligible to elect treatment, arguing that second degree burglary is a "crime of violence" within the meaning of IC 1971, 16-13-7.5-16, *supra*. We cannot agree. At the time Reas filed his petition, the term "crime of violence" was defined by the Indiana Drug Act as follows:

> "The term 'crime of violence' shall include, but is not necessarily limited to the following crimes or an attempt to commit any of the same, namely, murder, voluntary manslaughter, kidnapping for the purpose of ransom, rape, malicious mayhem, assault or assault and battery with intent to commit a felony, aggravated assault and battery, robbery, bank robbery, automobile banditry, arson, burglary in the first degree, and the term shall also include any felony or attempted felony in which bodily harm or the threat of bodily harm is directed against a human being." IC 1971, 16-13-7.5-2 (m), *supra*.

While the statute expressly declines to limit the definition to the specifically enumerated offenses, we deem it significant that burglary is qualified by the modifying phrase "in the first degree." This logically tends to imply exclusion of burglary in other degrees from the definition. Further, the offense in the case at bar did not involve bodily harm or the threat of bodily harm against a human being.

On authority of *Glenn* v. *State, supra,* we are constrained to hold that the trial court abused its discretion in denying Reas' petition to elect treatment without making further inquiry to determine his eligibility and status as a drug abuser. Accordingly, this cause must be remanded for the purpose of conducting such inquiry. If the information adduced reveals with reasonable certainty that Reas is an eligible drug abuser, the trial court must offer him the election to undergo treatment. If Reas' eligibility and status cannot be established with reasonable certainty then the offer of the election is discretionary with the trial court.

The offer of the election to a convicted individual does not, of course, imply a right to submission to treatment in lieu of execution of sentence. Exercise of the offered election merely entitles the individual to a court order providing for his examination by the Department of Mental Health. Thereafter, considering the results of the examination and recommendation of the department, together with other available information, the court exercises its discretion in submitting the individual for treatment or pronouncing sentence as in other cases.

### III.

Appellants' convictions for second degree burglary are affirmed. However, with respect to defendant-appellant Reas, this cause is remanded with instructions to initiate inquiry into Reas' eligibility and status as a drug abuser and render such further disposition as is proper in accordance with the terms of this opinion and the Indiana Drug Act.

324

Robertson, C.J. and Lowdermilk, J. concur.