WILLIAM BEZELL *v*. STATE OF INDIANA.

[No. 2-375A81. Filed August 23, 1976.]

*John T. Davis,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

WHITE, J.—The appellant (Bezell) was convicted by jury of unlawful possession of a controlled substance (heroin) and sentenced to imprisonment for two years. In this appeal he contends that the trial court erred in refusing to give his tendered instructions to the effect that visiting a common nuisance is a lesser included offense and in denying his post-conviction petition to be offered an election to submit to treatment as a drug abuser.

We affirm.

At the trial the State's evidence (the only evidence presented) was that two police officers, not in uniform, were in a tavern. They noticed Bezell leaving and recognized him as the subject of an outstanding arrest warrant. They followed him outside, identified themselves, and asked him to stop. Instead, Bezell fled into a nearby restaurant, pursued by the officers. Both saw him throw a package onto the floor. They arrested him and seized the package. It contained sixteen bindles (small, tin-foil wrapped packages) of heroin in the total amount of approximately 1.9008 grams.

Bezell's first argument is that the trial court erred in refusing to give his tendered instruction that visiting a common nuisance is a lesser included offense in the crime charged. After all, Bezell maintains, he was in a building when apprehended and in that building were several known drug users. This is pure sophistry. A suspect fleeing arrest does not convert a public restaurant into a common nuisance by entering it with heroin in his possession. Nor does it become one by the presence therein of known drug users. There is no evidence to sustain the essential finding that the restaurant was being used, or had ever been used, "by any person for the purpose of illegally using any controlled substance or . . . for the illegal keeping or selling of the same."[1]

---

1. The statute then in effect, IC 1971, 35-24.1-4-3.5, the same being Ind. Ann. Stat. § 10-3561C (Burns 1974 Supp.) provided in pertinent part:

"(a) Any store, shop, warehouse, dwelling house, apartment, building, vehicle, boat, aircraft, or any place whatever, which is used by

But more importantly, it was not impossible to commit the crime charged (possession of heroin) without first commiting the crime of visiting a common nuisance. The evidence clearly implies that Bezell possessed the heroin before he entered the restaurant. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N.E.2d 783.

Bezell's second argument is more substantial. Indeed it is addressed to an issue that has produced conflicts in the opinions of the judges of this court, conflicts as yet unresolved by the Indiana Supreme Court. He argues that the trial court erred in not offering him the election of being treated as a drug abuser pursuant to Acts of 1974, P.L. 59, § 1, the same being Ind. Ann. Stat. §§ 16-13-6.1-1—24 (Burns Code Ed., 1976 Supp.).

That Act is concerned with the treatment and rehabilitation of abusers of narcotic drugs and other harmful substanes. The statute specifically involved herein is § 16-13-6.1-18, which provides in pertinent part:

"If a court has reason to believe that an individual convicted of a crime is a drug abuser or the individual states that he is a drug abuser and the court finds that he is eligible to make the election provided for under section 16 [16-13-6.1-16], the court may advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by the department."

After his conviction but prior to his sentencing, Bezell filed a "Petition for Election of Treatment after Conviction Pursuant to Indiana Code 16-13-7.5-18 [16-13-6.1-18]." The Petition alleged that Bezell was a drug abuser, that none of

any person for the purpose of illegally using any controlled substance or which is used for the illegal keeping or selling of the same shall be deemed a common nuisance. No person shall visit such a common nuisance."

For a general discussion of the meaning of "common nuisance" as used in the above statute and of the evidence necessary to establish the same see *Wells* v. *State* (1976), 170 Ind. App. 29, 351 N.E.2d 43. The present statute, containing somewhat different provisions, is Ind. Ann. Stat. § 35-24.1-4.1-15 (Burns Code Ed., 1976 Supp.).

the disqualifying exceptions applied to him,[2] and that his attorney had advised him of the various alternatives. The Petition prayed for a hearing and that he be referred to the Department of Mental Health for examination.

The court held a hearing as prayed. Bezell's testimony merely repeated the allegations of the petition. (His denial of being on parole or probation—an ineligibility under § 16-13-6.1-16—was merely an equivocal, "Not that I know of.") A psychologist for a program operated under the supervision of the Marion County Municipal Court (Treatment Alternative to Street Crimes—TASC) who had had an hour and half in-depth conversation with Bezell, testified that in his opinion Bezell, although drug free, was at that time a drug abuser and could be rehabilitated. In response to questions by the court, the psychologist stated that he did not know that Bezell had been carrying sixteen bindles of heroin when arrested and admitted that such an amount is more than an average addict's daily supply. The probation department's presentence investigation report, which included a written evaluation by the psychologist, was also considered by the court. From that evidence and an extended colloquy between the court, counsel, defendant and witnesses, it appears that Bezell had in the past used drugs, starting with marijuana six years before the hearing. He also took pills and codeine cough syrup. For about four years he was on heroin which he used

---

2. Ind. Ann. Stat. § 16-13-6.1-16 (Burns Code Ed., 1976 Supp.) provides:

"A drug abuser charged with or convicted of a crime is eligible to elect treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless (a) the crime is a crime of violence, (b) the crime is that of selling a narcotic or dangerous drug, (c) the drug abuser has a record of two [2] or more prior convictions of a crime of violence, (d) other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the drug abuser or (e) the drug abuser is on probation or parole and the appropriate parole or probation authority does not consent to that election, or (f) the drug abuser elected and was admitted to a treatment program on two [2] prior occasions within any consecutive two-year period. An eligible drug abuser may not be admitted to a treatment program, however, unless the authorities concerned consent as hereinafter set forth."

until August, 1974. At that time, a month before his arrest, he voluntarily entered a methadone program. He was completely off heroin when he was arrested. He consistently denied having been in possession of the sixteen bindles.

The trial judge wondered how a person could claim both to be a drug abuser and to be drug free and why a drug-free person would carry sixteen bindles of heroin. He declined to offer Bezell the option of electing to be treated as a drug abuser.

Bezell contends that if a convicted individual states that he is a drug abuser and shows that he is not ineligible by reason of the nature of the present charge or his prior convictions or his probation status (see § 16-13-6.1-16, *supra*) the court is required by § 16-13-6.1-18, quoted above, to offer him the opportunity to elect to undergo treatment. *McNary* v. *State* (1973), 156 Ind. App. 852, 297 N.E.2d 853, so holds, but the evidence does not bring Bezell within that holding. Consequently we need not, and do not, express any opinion herein whether *McNary* correctly interprets § 16-13-6.1-18, or whether it should be interpreted as suggested in either of the opinions in *Glenn* v. *State* (1975), 163 Ind. App. 119, 322 N.E.2d 106, or in the dissenting opinion in *Thurman* v. *State* (1974), 162 Ind. App. 576, 320 N.E.2d 795. The evidence fails to sustain Bezell's contentions (1) that he has stated that he *is* a drug abuser and (2) that he has shown himself not to be ineligible for treatment under the conditions imposed by § 16-13-6.1-16.

In answer to his attorney's question, "Are you a drug abuser, Mr. Bezell?", he said, "I have abused drugs, yes." This is not a statement that he is a drug abuser. Furthermore, as previously noted, he was in a methadone program when arrested and had been drug free for a month (except for the methadone). The only evidence that he was a drug abuser is the psychologist's opinion that even though Bezell was drug free he was a drug abuser who could be rehabilitated. This opinion did not require the trial judge to so find and his remarks clearly indicate that he did not so find.

Bezell's statement that he did not know of his being on probation or parole did not require the trial judge to disregard the clear implication of the arresting officer's testimony at trial that a warrant had been issued for Bezell's arrest for violation of probation. He thus failed to show eligibility under § 16-13-6.1-16.

The judgment is affirmed.

Sullivan, J., concurs; Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 352 N.E.2d 809.