DONALD JONES *v.* STATE OF INDIANA.

[No. 2-175A2. Filed September 29, 1975.]

*Mark W. Shaw*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Walter F. Lockhart*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Donald Jones has taken this appeal from his conviction of violation of the Indiana Controlled Substances Act, as amended, IC 1971, 35-24.1-4-1, Ind. Ann. Stat. § 10-3561 (Burns Supp. 1974), which provides, in part, as follows:

> "(a) Except as authorized by this article [§§ 10-3558—10-3563], it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

The first issue to be considered is whether appellant's conviction is supported by sufficient evidence.

An examination of the evidence most favorable to appellee State discloses the following facts: Robert Barrow was an informant who worked with the narcotics branch of the Indianapolis Police Department. On the evening of January 21, 1974, Barrow was driven by two narcotics officers to the vicinity of the Savoy Tavern which was located in the City of Indianapolis. Thereupon, Barrow was thoroughly searched and was given $10 for the purpose of making a narcotics purchase. Barrow subsequently proceeded into the tavern and purchased a quantity of narcotics from an individual known as "Commodore." Following the transaction, Barrow had "started out the door" when he was met by appellant Jones. Barrow testified: "We spoke and he asked me what

I was looking for." Barrow replied that he had "already copped." Appellant then stated, "[W]ell, I am in order and it is good stuff." Barrow then informed Jones that he had to obtain the necessary funds and proceeded immediately "back to the car" which was parked in a nearby alley. At such time, Barrow turned over the drugs which he had purchased to the officers and was again searched. Another $10 was given to the informant and he "went immediately back to the tavern." After entering the establishment, Barrow "went up to Donald [appellant]" and informed him that he "wanted to cop." Barrow testified that he subsequently tendered the $10 to appellant and that appellant then "handed me the dope." The informant thereafter proceeded outside and upon more closely examining his purchase found it to be a small "silver colored package" commonly known as a "bindle." Later, an analysis of the substance contained in the bindle disclosed the presence of heroin. Appellant was arrested at a subsequent time in order that the informant would not be exposed.

Appellant's challenge to the sufficiency of the evidence to support his conviction merely asserts that the testimony of a one-time addict turned police informer is *per se* unworthy of credit. This court, however, may not determine the credibility of witnesses; nor may it weigh the evidence. Rather, we may only consider the evidence most favorable to appellee State together with all reasonable inferences to be drawn therefrom. *Kelly* v. *State* (1972), 258 Ind. 196, 280 N.E.2d 55; *Valentine* v. *State* (1971), 257 Ind. 197, 273 N.E.2d 543; *Freeman* v. *State* (1975), 163 Ind. App. 650, 325 N.E.2d 485. It should be noted that a conviction may be sustained upon the uncorroborated testimony of one witness. *Jones* v. *State* (1970), 253 Ind. 480, 255 N.E.2d 219; *Stalling* v. *State* (1964), 246 Ind. 102, 203 N.E.2d 191. In the case at bar, we must conclude that appellant's conviction is sustained by sufficient evidence.

The next issue to be considered is whether the trial court erred in overruling appellant's motion for a mistrial based upon alleged violations of a previous order in limine.

Prior to trial, appellant filed a motion in limine which requested that the trial court "order the State of Indiana *** to refrain from mentioning in any manner whatsoever during trial, portions of the Criminal record of the Defendant which relate to convictions involving anything but that of Second Degree Burglary * * *." Thereafter, the trial court entered the following ruling on such motion:

> "I am going to grant the Defendant's Motion in Limine with the understanding that the conviction of Second Degree Burglary may be used. I don't believe that the other convictions, while they may be for possession, that is not clear as to what they may be a possession of, in effect. This would show any common scheme, particularly that which would show a common scheme to sell narcotic drugs so I am going to grant the Motion in Limine and at this time order the Prosecutor to refrain from any further references to, before the jury, any references to the Defendant's record other than the Second Degree Burglary conviction."

Later, during cross-examination of the defendant, the State propounded questions regarding his previous addiction to heroin, together with inquiries concerning his use and possession thereof. On a number of occasions during the line of questioning, counsel for the defense raised objections. The trial court sustained several; but the deputy prosecutor, not thereby deterred, continued to ask questions in a similar vein. The defense then moved for a mistrial asserting as grounds therefor alleged violations of the order in limine. The trial court responded as follows:

> "*Court:* Well that is very technical reasoning and I would say that you probably are technically not in violation of the Motion in limine at this time, but I feel as though perhaps from the things that have been said off the record in the

presence of Mr. Shaw and the Court that you are progressing in a direction that will, if your questions continue to follow the pattern that they have, violate the Motion in limine so I am going to, at this time, deny the Defendant's Motion for Mistrial. I am, however, reminding Mr. Dodd that you are right on the periphery of violating the Motion in Limine and if that does, in fact, occur I may have to reconsider a Motion for Mistrial."

While we cannot condone the conduct of the prosecution in persisting with a line of questioning after the trial court had sustained objections thereto, nevertheless we cannot say that the questions which referred to possible acts of criminal conduct violated the order in limine which proscribed references to "convictions;" nor can it be said, upon an examination of the entire record that appellant was thereby prejudiced.

The final issue is one of whether the trial court erred in refusing to give defendant's tendered Instruction No. 1.

It has often been held that the refusal of an instruction is not a ground for reversal unless, considering the evidence in the case, the substance of the instruction was required to be given and was not covered by other instructions which were actually given. *Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482; *Fuller* v. *State* (1973), 261 Ind. 376, 304 N.E.2d 305; *Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798; *Kennedy* v. *State* (1935), 209 Ind. 287, 196 N.E. 316. Herein, the substance of defendant's tendered Instruction No. 1 is but an adjunct of the familiar rule which requires the trier of fact to ascertain a criminal defendant's guilt beyond a reasonable doubt. This principle we find to have been adequately covered by Instructions Nos. 9 and 10 which were given by the trial court.

No reversible error having been shown, the judgment of conviction entered by the trial court herein is affirmed.

Affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result.

NOTE.—Reported at 334 N.E.2d 716.