DONALD ALLEN LOCK *v.* STATE OF INDIANA.

[No. 475S105. Filed December 10, 1975.]

*Thomas L. Ryan,* Allen County Deputy Public Defender, Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

HUNTER, J.—Petitioner-appellant Lock pleaded guilty to two counts of rape in 1963. He was sentenced to one year on the State Farm,[1] which term was served. In August, 1974, petitioner launched a collateral attack upon these convictions pursuant to Ind. R. P.C. 2. His petition for permission to file a belated motion for a new trial and his motion to correct errors were denied by the trial court. Upon the filing of his appeal, he sought transfer to this Court under the provisions of IND. RULES OF APPELLATE PROCEDURE, Ind. R. Ap. P. 4(A)(10), which provides:

> "When an appeal is filed in the office of the clerk, in the Court of Appeals, appellant or appellee may petition the Supreme Court to transfer such an appeal to the Supreme

---

1. Appellant was sixteen years old when sentenced, and was sentenced under the minor's statute, Ind. Code § 35-8-3-1, Burns § 9-1815 (1956 Repl.).

Court upon a showing, under oath, that the appeal involves a substantial question of law of great public importance and that an emergency exists for a speedy determination. The Supreme Court in its discretion may grant said petition and thereby take jurisdiction of such appeal."

We now grant transfer, and for the reasons stated below, order this appeal dismissed.

Petitioner presently stands charged with first-degree murder. Long after he pleaded guilty to the charges of rape and served his term, the legislature enacted Ind. Code § 35-13-4-1, Burns § 10-3401 (1974 Supp.), which provides in part:

*"Murder—First degree—Penalty.*— (a)  Whoever kills a human being either purposely and with premeditated malice or while perpetrating or attempting to perpetrate rape, arson, robbery, or burglary is guilty of murder in the first degree and, on conviction, shall be imprisoned in the state prison during life, unless the killing is one for which subsection (b) prescribes the death penalty.

"(b)  Whoever perpetrates any of the following acts is guilty of murder in the first degree and, on conviction, shall be put to death:

\* \* \*

"(3)  Killing a human being while perpetrating or attempting to perpetrate rape, arson, robbery, or burglary by a person who has had a prior unrelated conviction of rape, arson, robbery, or burglary."

Disregarding any questions of constitutionality of this statute, or its application to appellant—questions which he will have ample opportunity to present to the trial court—it remains obvious that if appellant's "prior unrelated convictions of rape" rest upon invalid pleas of guilt, he should be afforded the opportunity to so demonstrate and thereby remove himself from the class of those doomed to death.

The preferred procedural mechanism for adjudicating post-conviction claims relating to guilty pleas is not, however, the filing of a belated motion to correct errors under Ind. R. P.C. 2, as was here filed and denied. Rather, the proper method is the filing of a petition for post-

conviction relief pursuant to Ind. R. P.C. 1. As we stated in *Crain* v. *State*, (1973) 261 Ind. 272, 301 N.E.2d 751:

> "This holding goes beyond the mere technical considerations of a misnamed motion. Rather the type and extent of evidentiary hearing afforded at a post-conviction proceeding is much broader than a hearing on a motion to correct errors and specifically designed to allow appellant an opportunity to establish the factual assertions he makes concerning his guilty plea."

Appellant's petition to transfer is granted. The appeal from denial of relief under Ind. R. P.C. 2 is dismissed without prejudice to appellant's rights to challenge his pleas of guilty under Ind. R. P.C. 1. The order issuing from this Court on April 28, 1975, and restraining the Judge of the Marshall Superior Court from commencing trial of appellant in cause number SCR 74-84 is hereby dissolved.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 338 N.E.2d 262.