VARNADOR LUCKETT *v.* STATE OF INDIANA

[No. 2-1276A447. Filed October 26, 1978.]

---

*Noble R. Pearcy,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

YOUNG, J. — The appellant, Varnador Luckett, was charged by information on two counts: robbery and the commission of a felony while armed. The jury found him guilty of the latter, which conviction he now challenges.

Luckett's Motion to Correct Errors assigns as erroneous a failure to give a circumstantial evidence instruction to the jury even though he had tendered a suitable one, the admission of money found on his person in the absence of some showing of connection with the offense charged, the overruling of his Motion for Discharge pursuant to Criminal Rule 4(A) of the Indiana Rules of Procedure, and the overruling of his Motion to Suppress Evidence. In addition, the sufficiency of the evidence is challenged both generally and with regard to identifying Luckett as a participant in the robbery.

Luckett's appellate brief lists these assigned errors in the statement of the issues, but the argument section and the summary of the argument discuss only two. The law is clear that issues which are  not discussed in the argument section of an appellate brief are waived. *Crosson v. State* (1978), 268 Ind. 511, 376 N.E.2d 1136,

1139; *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105, 1107. Therefore, we will only consider whether the trial court erroneously refused Luckett's tendered instruction, and whether the evidence was such that a jury could reasonably find Luckett guilty.

Luckett claims that because there was no direct evidence of his guilt, the jury should have been given an instruction on circumstantial evidence. Our examination of the record discloses that they were so instructed, and as follows:

> Evidence may be either direct or circumstantial. Direct evidence is evidence of the existence of a particular fact which is in issue. Circumstantial evidence is evidence of other facts from which the existence of a particular fact in issue may be legitimately inferred.

> No greater degree of certainty is required where the evidence is circumstantial than when it is direct, for, in either case, the jury must be convinced beyond a reasonable doubt of the defendant's guilt.

There was no error in the trial court's refusal of Luckett's offered instruction; such a refusal is a ground for reversal only if, in light of the evidence, the substance of the instruction was required to be given and was not adequately covered by other instructions actually given. *Carroll v. State* (1975), 264 Ind. 25, 338 N.E.2d 262, 272; *Jones v. State* (1975), 166 Ind.App. 160, 334 N.E.2d 716. As in the *Jones* case, Luckett's tendered instruction is only a restatement of the general rule that the trier of fact must find a criminal defendant guilty beyond a reasonable doubt. This rule is quite adequately stated in the court's instruction set out above.

With regard to Luckett's claim of insufficient evidence, we will not weigh the evidence or determine the credibility of witnesses but will look only to the evidence, and inferences arising therefrom, most favorable to the judgment. If there is substantial evidence of probative value in support of each element, the judgment must be affirmed. *Faust v. State* (1977), 266 Ind. 640, 366 N.E.2d 175.

The evidence most favorable to the judgment is that twenty minutes to a half hour past midnight two black men entered a grocery store on North Michigan Road, Indianapolis. They went into the rear of the store, then approached the checkout counters in the front. One came up to

a checkout counter, aimed a gun at the cashier, and told her to lie on the floor or be shot. She complied. Two other women, customers who were paying for groceries, also lay down on the floor when threatened by the second man. The men took the money from the cash register drawer, took the purse of one of the customers, and then left. The cashier testified at trial that the cash drawer contained one hundred dollars including rolls of change, a check and some food stamps. The customer stated she had approximately seventy-six dollars in her purse. Immediately after the hold-up, the cashier called the police. They arrived in two or three minutes. The women described the two men as tall, young, black men in checked pants, very well dressed. The second man was described as wearing a leather jacket. The police sent out the description by police radio. A policeman on Michigan Road heard the broadcast. He stopped a car that had seemed suspicious, but let it go after asking if the driver had seen anything. The driver told the officer that he had seen a large blue car going south on Michigan Road at a high speed. The officer drove down Michigan Road and broadcast the description of the car. A police officer further south on Michigan Road heard both broadcasts, one within a few moments of the other. He saw a large blue car pass him going south and followed it several car lengths behind. The car turned east on Kessler Boulevard, and as the officer followed it around the turn, he saw objects being tossed out of the right side of the car. He stopped the car at the intersection of Kessler and Grandview, where he waited a few moments for the arrival of the other police. He then approached the car on the passenger side. Two men were sitting in front and the appellant, Luckett, was in the back. The officer saw a purse and a leather coat on the back seat next to Luckett. He noted that the men's clothing matched the descriptions given. The men were searched. One man was found to have one hundred and fifty-five dollars, including a check and food stamps, shoved down the front of his pants. Luckett had seventy-four dollars in his sock and a nickel roll in his pocket. The officers read them their rights. The police who had gone to the grocery store arrived, bringing the cashier and the customer whose purse had been taken. The two women identified the man who had threatened the cashier, but could not identify Luckett. The customer identified the purse found next to Luckett as hers. An officer was sent to look for the objects thrown out of the car. He found two guns in a

grassy area, one block from the intersection of Kessler and Michigan Road. The guns were clean and loaded.

At trial, the cashier identified the check found on one of the men as one which had been in her cash register drawer. The customer again identified her purse, and in addition identified one of the guns found as the gun which had been pointed at her.

On the basis of this evidence, and noting the brief space of time between the hold-up and the stop, we cannot say that the verdict was unreasonable. Therefore, we affirm.

Lybrook, P.J., concurs (Sitting by designation).

Lowdermilk, J., concurs (Sitting by designation).

NOTE—Reported at 381 N.E.2d 560.