Henry Clay **JENNINGS**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 177S4.

Supreme Court of Indiana.

May 16, 1979.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Jennings was found guilty of second-degree murder at the conclusion of a jury trial in the Washington Circuit Court on July 27, 1973. He was sentenced to life imprisonment on August 6, 1973, and later, in a direct appeal, his conviction was affirmed. *Jennings v. State*, (1974) 262 Ind. 476, 318 N.E.2d 358. His amended *pro se* petition for post-conviction relief was summarily denied on May 6, 1976. Jennings, by counsel, then filed a motion to correct an erroneous sentence and motion to correct errors, the denial of which gave rise to the present appeal.

Appellant's petition for post-conviction relief attempted to raise the following issues:

  (a) newly discovered evidence relating to alleged intimidation of witnesses;

  (b) failure to advise him of his *Miranda* rights;

  (c) sufficiency of the evidence supporting his conviction;

  (d) various alleged errors concerning the admission and exclusion of evidence at trial;

  (e) absence of trial court jurisdiction due to allegedly improper arraignment and change of venue;

  (f) allegedly improper communications between the trial court and jury.

In denying this petition, without a hearing, the trial court found that specifications (b), (c), and (d) had been presented in Jennings' direct appeal and were therefore *res judicata*. Further, the court correctly found that specifications (e) and (f) were matters which were available to appellant at the time of his direct appeal and thus were not proper subjects for post-conviction relief. *Winston v. State*, (1978) Ind., 372 N.E.2d 183; *Brown v. State*, (1974) 261 Ind. 619, 308 N.E.2d 699. However, the trial court also found that specification (a) was waived due to its availability at the time of appeal. This was error.

Ind. R.P.C. 1 § 4(5) provides:

"If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

However, if the petition raises an issue of material fact, the trial court must hold an evidentiary hearing as soon as reasonably possible. Ind. R.P.C. 1 § 4(f).

■ Appellant's memorandum in support of his petition for post-conviction relief alleged that certain newly discovered evidence had come to his attention regarding the intimidation of two potential defense witnesses by the prosecutor's office. The memorandum was accompanied by what purported to be an affidavit signed by someone claiming personal knowledge of the intimidation. These allegations raised a material issue of fact which required the trial court to hold a hearing pursuant to Ind. R.P.C. 1 § 4(f) even though the likelihood that petitioner will be able to produce evidence sufficient to establish his claim appears to be quite remote. *Ferrier v. State*, (1979) Ind., 385 N.E.2d 422, 423; *Frazier v. State*, (1975) 263 Ind. 614, 335 N.E.2d 623.

■ Appellant has also argued that the trial court erred by denying his motion to correct an erroneous sentence. The basis for this motion was appellant's contention that it is unconstitutional to impose a life sentence for second-degree murder because such sentence is the same as that provided for first-degree murder. This contention is incorrect. *Brown v. State*, (1973) 261 Ind. 169, 301 N.E.2d 189. The motion to correct an erroneous sentence was properly denied.

We also note that appellant has argued that he was denied counsel in the post-conviction proceedings. Inasmuch as our opinion requires a remand to the trial court, and since the public defender's office has prosecuted this appeal, we presume that the public defender will assist Jennings upon remand if he so desires. There is thus no need to address this issue.

The cause is reversed and remanded to the trial court for an evidentiary hearing on the issue of witness intimidation and any other issues which the State Public Defend-er determines should have been included by petitioner in his original petition. The judgment of the trial court is affirmed with regard to the other issues raised herein by petitioner.

All Justices concur.