Lonnie Ray WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-581A163.

Court of Appeals of Indiana,
Second District.

Nov. 3, 1981.

Harriett Bailey Conn, Public Defender, Ali A. Talib, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Lonnie Ray Williams (Williams) appeals from the trial court's denial of his Petition for Treatment as an Alcoholic, filed five months after the imposition of sentence pursuant to a plea agreement. Williams claims that the court erred in failing to order an examination by the Department of Mental Health to determine his eligibility for treatment as an alcoholic; and that the trial court, lacking the results of such an examination, was without authority to deny the petition.

We affirm.

## FACTS

The record discloses that on August 29, 1979, Williams was charged by information with burglary. On January 14, 1980, the trial court accepted Williams's motion to enter a plea of guilty, imposing a five-year sentence on February 11.

On July 9, after having served some five months of the sentence required by the plea agreement, Williams filed his Petition for Treatment as an Alcoholic Under Public Law 59, asking that the court order an examination by the Department of Mental Health (Department) to ascertain his eligibility for treatment in lieu of imprisonment. The court did request such an examination, which the Department denied on July 30 because it "was not made with, or prior to, the time of sentencing as is required by Statute." *Record* at 72. Thereafter, the trial court conducted a hearing on Williams's petition, denying it on December 18.

## ISSUES

Williams raises two issues:[1]

1. Did the trial court err in failing to compel the Department of Mental Health to evaluate Williams to determine his eligibility for treatment as an alcoholic under IC 16–13–6.1–17 and –18?

2. Did the trial court err in denying Williams's Petition for Treatment as an Alcoholic?

Our treatment of these issues prompts us to consider them together.

## DECISION

PARTIES' CONTENTIONS—Williams interprets the applicable law as requiring the court to direct the Department to evaluate him because he was "not as a matter of law ineligible to elect treatment as an alcohol abuser" within the meaning of IC 16–13–6.1–16,[2] which precludes certain categories of

---

1. In his brief, Williams focuses upon information in the presentence report which he says should have given the trial court "reason to believe" that he was an alcoholic, thereby triggering a duty to explain that he qualified for treatment as an alcoholic in lieu of incarceration pursuant to IC 16–13–6.1–17 and –18. *See Glenn v. State,* (1975) 163 Ind.App. 119, 322 N.E.2d 106. Because Williams's motion to correct error does not raise as error the court's failure to offer Williams an opportunity to submit to treatment as an alcoholic before accept-

ing the plea agreement, the argument is waived. Ind. Rules of Procedure, T.R. 59(D).

2. The statute provides:
Drug abusers or alcoholics charged with or convicted of felonies—Treatment in lieu of prosecution or imprisonment.—A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment, as the case may be, unless:
(1) The offense is a forcible felony or burglary classified as a class A or class B felony;

defendants from requesting treatment under IC 16–13–6.1–17 and –18. Further, the court was powerless, he says, to deny his petition without having before it the results of an examination by the Department.

The State, relying upon this court's decision in *Munger v. State,* (1981) Ind.App. 420 N.E.2d 1380, responds that the court's actions were proper because a defendant who has been sentenced in accordance with a plea agreement is ineligible for treatment as an alcoholic under either IC 16–13–6.1–17 or –18.

CONCLUSION—The trial court's failure to order an examination and denial of Williams's Petition for Treatment as an Alcoholic were proper.

■ At the threshold, we observe that Williams's reliance on IC 16–13–6.1–17 is misplaced. Section 17 permits an eligible defendant (*see* IC 16–13–6.1–16, n.2, *supra*) who has been *charged but not yet convicted* of a felony to request treatment instead of prosecution, providing in pertinent part as follows:

16–13–6.1–17. Request for *treatment in lieu of prosecution.*—(a) If a court has reason to believe that *an individual charged with a felony* is a drug abuser or alcoholic or the individual states that he is a drug abuser or alcoholic and the court finds that he is eligible to make the request provided for in section 16 [16–13–6.1–16] of this chapter, the court may advise him that the *prosecution of the charge may be continued* if he requests to undergo treatment and is accepted for treatment by the department. In offering an individual an opportunity to re-

(2) The offense is that of delivering a controlled substance;

(3) The defendant has a record which includes two [2] or more prior convictions for forcible felonies or a burglary classified as a class A or class B felony;

(4) Other criminal proceedings, not arising out of the same incident, alleging commission of a felony are pending against the defendant;

(5) The defendant is on probation or parole and the appropriate parole or probation authority does not consent to that request; or

quest treatment, the court shall advise him that . . . .

(emphasis supplied)

The statute is clearly inapplicable to Williams, who did not lodge his request for treatment until after sentencing.

More relevant is IC 16–13–6.1–18, under which a convicted defendant may elect treatment in lieu of incarceration. Section 18 provides in relevant part:

16–13–6.1–18. Request for treatment as condition of probation.—(a) If a court has reason to believe that *an individual convicted of an offense* is a drug abuser or alcoholic or the individual states that he is a drug abuser or alcoholic and the court finds that he is eligible to make the request provided for under section 16[16–13–6.1–16] of this chapter, the court may advise him that he *may be placed on probation* if he requests to undergo treatment and is accepted for treatment by the department. In offering an individual an opportunity to request treatment, the court shall advise him of what may be required of him under IC 35–7–2–1 as conditions of probation. The court may certify an individual for treatment while on probation regardless of the failure of the individual to request treatment.

(b) If the individual requests to undergo treatment or is certified for treatment, the court may order an examination by the department to determine whether he is a drug abuser or alcoholic and is likely to be rehabilitated through treatment. The court may deny the request if after conducting a presentence investigation it finds he would not qualify under criteria of the court to be released on probation if convicted. If the

(6) The defendant was admitted to a treatment program under section 17 [16–13–6.1–17] or 18 [16–13–6.1–18] of this chapter on two [2] prior occasions within the preceding two [2] year period. An eligible drug abuser or alcoholic may not be admitted to a treatment program, however, unless the authorities concerned consent as set forth in this chapter.

request is granted, the court shall certify to the department that the individual may request treatment. The court shall transmit to the department a summary of the individual's criminal history, and shall also transmit to the department a copy of the reports on all background and presentence investigations conducted by or for the court. Within a reasonable time after receiving an order to conduct an examination, and, after the court submits the required supporting documents and certification of eligibility, the department shall report to the court the results of the examination and recommend whether the individual should be placed on probation and supervision for treatment. If the court, acting on the report and other information coming to its attention, determines that the individual is not a drug abuser or alcoholic, or that he is not likely to be rehabilitated through treatment, the court shall sentence the individual as in other cases. *If the court determines that the individual is a drug abuser or alcoholic and is likely to be rehabilitated through treatment, the court may place him on probation* under IC 35–7[35–7–1–1 —35–7–5.1–12] and under the supervision of the department for treatment and may require such progress reports on the individual from the probation officer and the department as the court finds necessary. No individual may be placed under supervision unless the department accepts him for treatment.

(emphasis supplied)

In *Munger v. State,* (1981) Ind.App. 420 N.E.2d 1380, this court examined section 18 under circumstances similar to those presented by Williams's appeal. Munger, like Williams, had been sentenced in accordance with a plea agreement. He subsequently filed a petition for post-conviction relief, apparently claiming that because the trial court had "reason to believe" that he was eligible for treatment as a drug abuser, it should have explained the right to treatment under section 18 *after* accepting the plea agreement. Judge Staton, writing for the third district, rejected Munger's argument on the basis of the Indiana Supreme

Court's decision in *State ex rel. Goldsmith v. Marion County Superior Court,* (1981) Ind. 419 N.E.2d 109. The *Goldsmith* court imposed an absolute prohibition against ordering probation after acceptance of a plea agreement embodying a specific sentencing recommendation. The *Munger* court observed that a defendant accepted for treatment under section 18 must be placed on probation, concluding that

> [i]f the trial court in the present case had invoked the drug abuse treatment provision of IC 16–13–6.1–18 after accepting the plea agreement submitted by Munger and the prosecutor, the court would have had to place Munger on probation. However, *under the holding of Goldsmith, the trial court's acceptance of the eight-year sentence recommendation precluded the court from placing Munger on any probation. The Supreme Court's all-encompassing prohibition against probation after acceptance of the sentencing terms of a plea agreement presumably includes the probation that must be ordered for the drug abuse treatment provision of IC 16–13–6.1–18. The Supreme Court stated clearly its mandate—there can be no alteration of a negotiated sentence once it has been accepted by the trial court.*

420 N.E.2d at 1383 (emphasis supplied).

The decisions in *Goldsmith* and *Munger* thus preclude Williams from successfully raising as error the trial court's refusal to grant his Petition for Treatment as an Alcoholic filed after imposition of a negotiated sentence. Consequently, the court's ordering the Department to evaluate Williams would have been futile. And the denial of Williams's petition was not only proper, but also mandatory.

We emphasize, however, that although the Department's refusal to examine Williams was proper under the circumstances, the basis of its refusal was erroneous. It is not true that a request for treatment as an alcoholic or drug abuser must be made "with, or prior to, the time of sentencing." *Record* at 72. In *Thurman v. State,* (1974) 162 Ind.App. 576, 320 N.E.2d 795, this court

determined that although section 18 seems to contemplate a pre-sentencing examination by the Department, an examination (and treatment) may be ordered *after* sentencing *"so long as the court retains authority to suspend or set aside the unexecuted portion of the sentence and to order treatment in the event that the examination report should recommend such." Id.* at 579, 320 N.E.2d at 797–98 (emphasis supplied). The majority reasoned as follows:

> The section of the Act with which we are here concerned deals with rehabilitative treatment *after conviction* and is wholly couched in terms of such treatment as a rehabilitative process taking place during *probation.* One may not be simultaneously on probation and serving an executed sentence. Before one may be placed on probation, his sentence must be suspended. *See, State ex rel. Gash v. Morgan County Superior Court* (1972), Ind., [258 Ind. 485] 283 N.E.2d 349. We therefore conclude that the treatment contemplated by § 16–13–6.1–18 may take place only if execution of a sentence otherwise free from error, be suspended and the applicant for treatment be placed on probation.

*Id.* at 578–79, 320 N.E.2d at 797.

Because Thurman filed his petition after having served more than six months of his sentence, the court was without power to suspend the remainder of the sentence: The statute covering sentence modification (now IC 35–4.1–4–18) permits suspension of a sentence only within six months after its imposition. His sentence being nonsuspendible, Thurman was not entitled to be placed on probation, and therefore not eligible for treatment under section 18.

As indicated, Williams's sentence was nonsuspendible because it was imposed in accordance with the terms of a plea agreement. Thus, he was ineligible for probation—a prerequisite to treatment under section 18. *Goldsmith, supra; Munger, supra.*

*See also Thurman, supra.* The petition was properly denied.[3]

Judgment affirmed.

SHIELDS and SULLIVAN, JJ., concur.

---

3. If, however, Williams's sentence—only five months of which had been served when the petition was filed—had not ·been negotiated and was not otherwise incapable of modification, *see* IC § 35–50–2–2, the result might have differed. *See Thurman, supra.*