Ricky Lee HUNTER,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–185A6.

Court of Appeals of Indiana,
First District.

April 30, 1985.

Rehearing Denied June 11, 1985.

Robert Canada, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Ricky Lee Hunter (Hunter) appeals the denial of his petition for post-conviction relief under Post Conviction Remedies, Rule 1 (PC 1).

We reverse and remand for an evidentiary hearing.

## FACTS

Hunter pleaded guilty and was sentenced on November 18, 1983, to a term of six (6) years for confinement with two (2) years suspended with probation. He filed his PC 1 petition on July 20, 1984, alleging in paragraphs four, eight and nine that as a result of plea negotiations with the prosecuting attorney, he was to receive drug and alcohol treatment while in prison. There was no allegation in the petition that any plea agreement was in writing or that it was ever presented to the court. On appeal, Hunter concedes that any plea agreement was oral and was never presented to the court. On August 17, 1984, the trial court made the following record:

"Court having reviewed petition for PCR, now finds that the petition fails to set forth any contentions for vacating or setting aside or correcting the sentence of which the court had or has any jurisdiction whatsoever. Petition denied."

Record at 9. On August 29, Hunter filed his motion to correct errors alleging only that the summary disposition was contrary to law and prayed for an evidentiary hearing, which was denied.

## ISSUE

The issue in this case, which we have restated, is whether it was error for the trial court to deny Hunter's petition summarily without an evidentiary hearing.

## DISCUSSION AND DECISION

■ It is the purpose of Post-Conviction Remedy Rule 1 to present every convicted person with a vehicle for a full and fair review of bona fide claims of illegality not reviewable by direct appeal.[1] *Lamb v. State* (1975), 263 Ind. 137, 325 N.E.2d 180 (DeBruler, J., dissenting). The proper method for challenging the validity of a guilty plea is by a PC 1 petition. *Lock v. State* (1975), 264 Ind. 25, 338 N.E.2d 262. Guilty pleas which are improperly induced and not voluntary are properly attacked by means of a PC 1 petition.

The issue in this case is not whether an alleged oral plea bargain is enforceable, or whether an alleged promise to the defendant was capable of being carried out. Rather, the issue is whether or not the defendant's guilty plea was induced by a promise which either was not or could not be performed thereby rendering the guilty plea not knowingly, intelligently, and voluntarily entered. Because the true issue is dependent upon a factual determination which could be made only as the result of an evidentiary hearing, it was error to dispose of Hunter's post-conviction petition summarily without a hearing on the merits.

■ The court may deny a petition for post-conviction relief without further proceedings if the pleadings conclusively show the petitioner is entitled to no relief. PC 1, Section 4(f); *Frazier v. State* (1975), 263 Ind. 614, 335 N.E.2d 623. A hearing on a petition for post-conviction relief is required only when an issue of material fact is preserved. Where the allegations of the petition conclusively show that the petitioner is entitled to no relief, a hearing is unnecessary. *Colvin v. State* (1982), 441 N.E.2d 1353. On the other hand, an evi-

1. PC Rule 1, Section 1, provides:
"SECTION 1. Remedy—To whom available —Conditions.
(a) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;
(2) that the court was without jurisdiction to impose sentence;
(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;
(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;
(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;
(6) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; may institute at any time a proceeding under this Rule to secure relief."

dentiary hearing is required when issues of fact are raised, and this is true even if it is unlikely the petitioner will be able to produce evidence sufficient to establish his claim. *Bailey v. State* (1983), Ind., 447 N.E.2d 1088; *Jennings v. State* (1979), 270 Ind. 696, 389 N.E.2d 281. The allegations of the petition must be examined to determine if a factual question requiring an evidentiary hearing was raised.

■ Hunter alleged that a plea agreement was negotiated between himself, his attorney, and the prosecutor whereby he was to be provided drug and alcohol treatment while in prison and that it was the understanding of all parties that the state would provide such treatment, and that such treatment has not been provided. He does not allege such plea agreement was in writing as required by Indiana Code section 35–35–3–3.[2] We agree that under the statute, a plea agreement not in writing as so required may not be enforced. *Naked City, Inc. v. State* (1984), Ind.App., 460 N.E.2d 151. But that is not the issue here. Hunter does not seek specific enforcement of the alleged plea agreement, but he seeks to have his guilty plea vacated on the grounds it was induced by the representations of the prosecutor and, therefore, not voluntary. This is a factual issue.

In *Santobello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, the defendant pleaded guilty to a lesser included offense and the prosecutor agreed to make no recommendation as to sentencing. At the sentencing, before a different judge, a different prosecutor recommended the maximum sentence. The United States Su-

preme Court vacated the conviction. Chief Justice Burger, writing for the majority, stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499, 30 L.Ed.2d at 433. However, the court remanded to the state court to determine whether the appropriate relief would be enforcement of the agreement or allowing withdrawal of the guilty plea. Here, our statute and case law will not permit enforcement of the agreement, *Naked City*, 460 N.E.2d at 156, but vacating the guilty plea is an appropriate remedy if, in fact, Hunter's guilty plea was improperly induced. As Justice Douglas observed in his concurring opinion in *Santobello*, "a prosecutor's promise may deprive a guilty plea of the 'character of a voluntary act.'" 404 U.S. at 266, 92 S.Ct. at 501, 30 L.Ed.2d at 435. Justice Douglas further observed:

"The lower courts, however, have uniformly held that a prisoner is entitled to some form of relief when he shows that the prosecutor reneged on his sentencing agreement made in connection with a plea bargain, most jurisdictions preferring vacation of the plea on the ground of 'involuntariness,' while a few permit only specific enforcement. [Citation omitted.]"

404 U.S. at 266, 92 S.Ct. at 501, 30 L.Ed.2d at 435–36.

The United States Supreme Court in the recent case of *Mabry v. Johnson* (1984),

2. Indiana Code section 35–35–3–3 provides:

"Action on plea agreement.—(a) No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:
(1) In writing; and
(2) Before the defendant enters a plea of guilty.
The plea agreement shall be shown as filed, and if its contents indicate that the prosecuting attorney anticipates that the defendant intends to enter a plea of guilty to a felony charge, the court shall order the presentence report required by IC 35–38–1–8 and may hear evidence on the plea agreement.

(b) Neither the content of the plea agreement, the presentence report, nor the hearing shall be a part of the official record of the case unless the court approves the plea agreement. If the plea agreement is not accepted, the court shall reject it before the case may be disposed of by trial or by guilty plea. If the court rejects the plea agreement, subsequent plea agreements may be filed with the court, subject to the same requirements this chapter imposes upon the initial plea agreement.
(c) A plea agreement in a misdemeanor may be submitted orally to the court.
(d) If the court accepts a plea agreement it shall be bound by its terms."

—— U.S. ——, 104 S.Ct. 2543, 81 L.Ed.2d 437, while holding the guilty plea in question valid, nevertheless recognized that a guilty plea " 'must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known' " and "when the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand." 104 S.Ct. at 2547.

In *Dube v. State* (1971), 257 Ind. 398, 275 N.E.2d 7, the defendant pleaded guilty to forgery pursuant to a deal whereby Dube was to cooperate with authorities and testify against other members of the forgery ring and the prosecutor would recommend a suspended sentence. Dube was told that the judge always follows the prosecutor's recommendations. Dube had expressed a fear for his life if he were imprisoned. The trial judge did not follow the prosecutor's sentencing recommendation, and sent Dube to prison. Dube appealed from the denial of his petition for post-conviction relief and our supreme court reversed. The court stated that "[t]he essential question is whether Dube's plea of guilty was voluntarily, knowingly, and freely made or whether it was induced by the promise of a suspended sentence." 257 Ind. at 402, 275 N.E.2d at 9. Our supreme court further observed that "[t]he evidence in the case at bar indicates Dube's plea of guilty was tainted by assurances that the judge always went along with the prosecutor's recommendations thus making the voluntariness of his plea highly questionable." 257 Ind. at 406, 275 N.E.2d at 11. The court reversed and ordered the trial court to allow Dube to withdraw his guilty plea.

Hunter also relies on *Henry v. State* (1977), 175 Ind.App. 212, 370 N.E.2d 972, (Hoffman, J., dissenting), where the defendant pleaded guilty in reliance upon the prosecutor's sentence recommendation, which was not in writing, and which the trial court did not follow. Because the trial court did not advise Henry the prosecutor's recommendation was not in writing and could not be filed after the plea was accept-

ed, Henry's plea was involuntary. This court, in *Henry*, stated that the plea agreement not being in writing, as required by statute, could not be specifically enforced, but nevertheless ordered the trial court to vacate its judgment and allow her to withdraw her guilty plea.

In *Sherwood v. State* (1983), Ind., 453 N.E.2d 187, the defendant pleaded guilty to murder pursuant to a plea agreement wherein the state agreed to dismiss an habitual offender count. His petition for post-conviction relief was summarily denied by the trial court. His post-conviction petition was predicated upon alleged incompetency of counsel because his lawyer told him he would be placed in a hospital to do his time. Our supreme court held a factual issue requiring an evidentiary hearing was raised and reversed the trial court's summary denial of the petition.

The cases of *Naked City; Davis v. State* (1981), Ind.App., 418 N.E.2d 256; and *Bullock v. State* (1979), Ind.App., 397 N.E.2d 310, at first blush might appear to reach contrary results, but they are clearly distinguishable and inapposite. In *Naked City*, the defendant sought modification of his sentence in accordance with an alleged oral agreement. The defendant did not allege involuntariness of his guilty plea. Also, the court found there was no recommendation, but even if one were assumed found it unenforceable because not in compliance with statute. *Bullock* did not involve a plea bargain. In fact, there was no guilty plea in *Bullock*, rather, there was a conviction following trial. Bullock asserted error because the state had promised not to prosecute her if she testified as a state's witness in another case. The other case was dismissed, hence, Bullock did not testify. This court distinguished *Bullock* from *Santobello* and *Dube* because there was no *guilty plea* induced by an unkept promise or inducement. In *Davis*, the defendant claimed his guilty plea was not voluntary because it was coerced by threat of prosecution as an habitual offender. This court rejected that contention because Indiana law is clear that it is not unlawful coercion

to use a threat of an habitual criminal charge to induce a defendant to accept a plea bargain. *Davis*, 418 N.E.2d at 259. These cases, therefore, do not present any basis for denial of Hunter's claim.

Both the state and the dissenting opinion point out that it was beyond the power of the prosecutor to promise alcohol and drug treatment to Hunter while he was incarcerated, that only the Department of Correction can make such a decision, citing *Williams v. State* (1981), Ind.App., 427 N.E.2d 708. We have no quarrel with this position, but it is beside the point. As previously pointed out in this opinion, the question is not whether the alleged agreement can be enforced, it is whether Hunter's guilty plea was improperly induced and thereby involuntary.

We do not mean to say that Hunter's petition should be granted. That issue can be determined only after a full evidentiary hearing which, to date, has been denied Hunter. What we are saying is that he was entitled to that hearing. He alleged he pleaded guilty in response to promises of drug and alcohol treatment while in prison. This presents a factual issue which can be resolved only by an evidentiary hearing. No testimony has been presented, either pro or con, on this issue. Hunter has not testified; the prosecutor has not testified; defense counsel has not testified; the transcript of the guilty plea hearing has not been introduced in evidence.[3] At an evidentiary hearing, Hunter may or may not be able to establish that he was promised alcohol and drug treatment to induce his guilty plea. But he is entitled to the opportunity to prove his case. That he may be unlikely to succeed is not grounds for summary dispositions thereby denying his right to a hearing.

*Bailey; Jennings.* If he is able to prove his guilty plea was tainted by a promise of treatment which induced the plea, such plea may well have been deprived of voluntariness. *Santobello; Dube.* Consequently, it does not conclusively appear from the pleadings that Hunter was entitled to no relief. Neither is this a case where there is no genuine issue of fact and the state is entitled to judgment as a matter of law. Summary disposition clearly was improper.[4]

Therefore, we reverse the summary disposition of Hunter's petition for post-conviction relief and remand for an evidentiary hearing on the petition.

ROBERTSON, J., concurs.

NEAL, J., dissents with separate opinion.

NEAL, Judge, dissenting.

I respectfully dissent for the following reasons. The majority properly concedes that an oral plea bargain is unenforceable. IND.CODE 35–35–3–3; *Naked City, Inc. v. State*, (1984) Ind.App. 460 N.E.2d 151. Further, it concedes that the so-called oral plea bargain is incapable of being carried out and as such is beyond the control of the court. *Williams v. State*, (1981) Ind.App. 427 N.E.2d 708; IND.CODE 11–10–1–1, *et seq.* To avoid problems such as occurred here, *Boykin v. Alabama*, (1968) 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and its progeny, including PC 1, IND.CODE 35–35–3–2, IND.CODE 35–35–1–3, and IND. CODE 35–35–3–3 have required all matters concerning a guilty plea to be reduced to writing or spread of record, so that

> "When a judge discharges that function, he leaves a record adequate for any review that may be later sought and forestalls the spin-off of collateral proceed-

---

**3.** The guilty plea transcript might not be conclusive. *See Dube v. State* (1971), 257 Ind. 398, 275 N.E.2d 7, wherein the defendant, at the guilty plea hearing, said he had not been promised anything to induce him to plead guilty, but at his post-conviction hearing explained that he followed his attorney's instructions as to how to answer questions, and answered as he did for fear of threatening the plea arrangements.

**4.** No motion for summary disposition was filed by the state. P.C. Rule 1, § 4(f) requires a motion for summary disposition. Absent such a motion, the court should not have acted *sua sponte* to grant summary disposition even if proper, which, in my judgment, it was not.

ings that seek to probe murky memories."

*Boykin, supra,* at 244, 89 S.Ct. at 1712–13.

Alleging only in his petition an unenforceable oral plea bargain of a matter beyond the control of the court as an inducement, Hunter fails to allege that at the guilty plea hearing the trial court neglected to inquire whether any promises, force or threats were used to obtain the plea. If the court properly inquired into any inducement, and Hunter failed to inform the court of the inducement, or testified falsely about it, he should be foreclosed from raising the matter in a later post conviction proceeding. Hunter makes no assertion or argument in his brief, nor does he allege in his petition, that the guilty plea hearing was flawed in any way. Rather, he seeks to leap over that proceeding and "probe murky memories" long after the prosecutor's office and police have closed their files and the witnesses have dispersed.

As I understand the majority opinion, it concedes that if after a hearing, the record reflects proper inquiry by the trial court at the guilty plea hearing and that Hunter failed to assert his alleged inducement, or had testified falsely concerning it, he would not be permitted to have his plea set aside in a post conviction proceeding, but that the only error here is failure of the trial court to conduct a hearing to determine these facts.

It is my opinion that to withstand a dismissal of his petition, a defendant should be required not only to plead the alleged unenforceable oral plea bargain inducement, but also plead facts to show that the trial court was derelict in failing to inquire into any promise or inducement, and if it did, facts in justification of his failure to properly present such matter to the court at the guilty plea hearing which is for that purpose.

Parallel authority exists foreclosing a defendant from raising issues in a post conviction proceeding that could have been raised in a proper proceeding. For example, in *Davis v. State,* (1975) 263 Ind. 327, 330 N.E.2d 738, the court held that where a defendant does not raise issues he could have raised on direct appeal, he cannot raise them in a post conviction proceeding absent a showing of ineffective counsel.

The posture Hunter assumes here is that he can allege some questionable ground in a post conviction proceeding, and then throw the burden on police officers to produce him from the prison, appoint a public defender, involve the services of the prosecuting attorney's office to defend, and absorb the court's time in a hearing, all at substantial expense. The clear purpose of PC 1, Sec. (e) is to make available to the trial court an instrument to terminate summarily such a proceedings initiated to harass the already overburdened criminal justice system. In my opinion, it was correctly used.